### EDWARD F. ROOT *v.* ABNER LORD.

*Conditional sale. Effect of judgment for price. Delivery of possession to vendor.*

Where property is sold and delivered, with a condition that the title shall not vest in the vendee until the price is paid, the right of the vendor to the property will not be affected by his recovering judgment against the vendee in an action of book account for the price,—the judgment remaining unsatisfied,—nor by the fact, that, previous to the judgment being recovered, the property was left by the vendee in the possession of the vendor, without the vendor's consent.

TROVER for a cow. Plea the general issue, and trial by jury, June Term, 1851,—POLAND, J., presiding.

.About the first of June, 1848, the defendant sold to the plaintiff the cow in question for $20,00, one half of which was to be paid in July, and the residue in the ensuing autumn; but it was agreed between them, that the cow should remain the property of the defendant, until the plaintiff paid the price. The plaintiff kept the cow in his possession until the early part of the autumn of 1849, when he drove her to the defendant's house. The defendant refused to receive her, but the plaintiff left her in the defendant's possession. The defendant afterwards brought an action against the plaintiff on book account, and on the twenty seventh of November, 1849, he recovered judgment in that action against the plaintiff for the price of the cow, which was the only charge presented upon the trial. After this judgment had been rendered, and on the same day, the plaintiff demanded the cow of the defendant, but the defendant did not deliver the cow, whereupon the plaintiff commenced this action. It did not appear, that the plaintiff had ever paid any part of the judgment against him, or had ever paid, or offered to pay, the price of the cow.

The court charged the jury, that, upon this testimony, the plaintiff was not entitled to recover.

Verdict for defendant. Exceptions by plaintiff.

*Bartlett, Bingham* and *Roberts* for plaintiff.

The contract being conditional, it was at the option of the defendant to retake the cow, or sue and recover the contract price, if the plaintiff failed to perform on his part; and when he made this election, by sueing upon the contract and recovering judgment, he must abide by it, and cannot retract and take the other remedy. The contract is merged in the judgment. 12 Vt. 113. If, after judgment, this condition remain, the judgment must be conditional, —which is impossible, as all judgments must be definite and certain. The refusal of the defendant to receive back the cow, when offered to him by the plaintiff, one year after the time for the last payment had elapsed, was strong if not conclusive evidence to go to the jury, from which to find the fact, that the defendant had waived the con-

dition and regarded the sale as absolute. *Marston* v. *Baldwin,* 17 Mass. 606. It is not necessary, in order to sustain this action, to go so far as was held in the case of *Marston* v. *Baldwin.*

*Peck & Colby* for defendant.

In this action the plaintiff must have property in himself and a right of possession at the time of the alleged conversion. He had neither. By the contract he was to have no property in the cow, until she was paid for. The judgment is no payment, and his right of possession was at the option of the vendor. 2 Stark. Ev. 1144. *West* v. *Bolton,* 4 Vt. 558. *Bradley* v. *Arnold,* 16 Vt. 382. *Bigelow* v. *Huntley,* 8 Vt. 151.

The opinion of the court was delivered by

REDFIELD, J. The only question in this case, which has not been already settled in this state by the case of *West* v. *Bolton,* 4 Vt. 558, and other cases following that, is in regard to the effect of the judgment, in an action of book account, for the price. And this, we think, can make no difference. '

The most, which it could be claimed is implied in the judgment, is, that the defendant had sold and delivered the cow; that is all which is requisite, in order to sustain the action and recover the judgment. And this is no more than what the original contract stipulated,—no more than what existed from the time of the contract until the return of the cow. And we do not think, that during this time, the defendant would have been precluded from maintaining an action for the price of the cow, or that a judgment would have vested the title absolutely in the plaintiff.

The lien, which the defendant retained upon the cow, is very little different, in effect, although somewhat different in form, from that of collateral security for a debt, by the way of the pledge, or mortgage, of personal property. And in such case it was never doubted, that the creditor might pursue both the debt and the pledge, until he obtained security.

And the fact, that the property had been left in the defendant's possession, without his consent, could make no difference; for if that were so, it would be equivalent to giving the plaintiff to gain an

advantage, by leaving the property with the defendant against his will, when no such provision is contained in the original contract.

The case of *Smith* v. *Field,* 4 T. R. 402, only decides, that the parties to a contract of sale may rescind the contract by consent,—which was never doubted. But in the present case there is no evidence of such consent. And farther, that if the vendor attach the goods as the property of the vendee, he is estopped to affirm, that they had rescined the sale,—which is no doubt just and reasonable, but can have no application to the present case. The case of *Marston* v. *Baldwin,* 17 Mass. 606, only goes to show, that, in case of a conditional sale, the delivery did not make the title absolute, and that the vendor may pursue the property, without showing the contract of sale rescinded. This, so far as it applies to the present case, would seem quite as much to favor the claim of the defendant, as of the plaintiff. · Judgment affirmed.