### ESTY & GREEN v. DAVIS GRAHAM.

A melodeon was sold to one Ripley, for the price of which he gave his promissory note, but the property was not to vest until his note was paid. Afterwards Ripley sold the instrument to the defendant, and Ripley's note was transferred by the vendors to a third person: *Held*, that the interest of the vendors in the melodeon was incident to the note, as in the case of a mortgage or pledge, and that upon the transfer of the note the interest of the payees in the melodeon passed to the endorsee; and that consequently the vendors, these plaintiffs, could not maintain trover for it.

TROVER, for a melodeon.

By agreement of parties the case was tried by the court.

The plaintiffs introduced in evidence a note dated June 1, 1860, signed by one Ripley, payable to plaintiffs, in six months, and endorsed by one Harrington, in blank, and not as agent. There was a stipulation in the note that it was given for a melodeon, and that the melodeon should remain the property of plaintiffs until the note was paid.

One Blood testified that he bought the note of Harrington and was the plaintiff in interest; that before the commencement of this suit he made a demand for the melodeon in the name of the plaintiffs, and that defendant refused to deliver it; that this note was given in renewal of another note which Ripley took up and which was not produced at the trial. Subject to defendant's exception, Blood testified that he saw the melodeon in Ripley's possession before it went into the defendant's possession, and that Ripley then said it belonged to plaintiffs. The defendant introduced a bill of sale from Ripley to himself, showing that he bought the melodeon of Ripley, April 2, 1859; and said Blood testified that the melodeon went into Graham's possession at the time he bought it of Ripley, as he supposed.

The court found the facts to be that plaintiffs employed Harrington as their agent to sell melodeons manufactured by plaintiffs, and to take notes for them like the one given by Ripley; that Harrington sold one of plaintiff's melodeons to Ripley; that Ripley sold and delivered it to defendant before Harrington took said note; that it was understood and agreed by Ripley and Harrington, when Ripley bought the melodeon, that it should remain the property of plaintiffs until Ripley paid for it; that Ripley made some payments upon the note, but of a less amount than the amount of the note or the value of the melodeon; that Ripley has not paid for the melodeon; that Harrington was authorized to sell and did sell the note to Blood for the amount due upon it, which Blood paid before the demand hereafter mentioned; that Blood brought this suit without the knowledge of plaintiffs, and that plaintiffs do not now know that it was brought; that when the defendant bought the melodeon he supposed that it belonged to Ripley; that before the commencement of this suit, Blood, without any authority from plaintiffs, unless such authority may be implied from the foregoing facts, demanded the melodeon of defendant in the name of the plaintiffs; that defendant then knew that Blood had bought the note and claimed that by buying the note he had acquired a good title to the melodeon and a right to the possession of it; that defendant refused to deliver the melodeon.

Defendant claimed that the suit should have been brought in the name

of Blood, and that by the sale of the note all the plaintiffs' title and interest in the melodeon passed to Blood.

The writ and note may be referred to in argument.

And the court found the conclusion of law upon these facts to be that the defendant is guilty in manner and form as the plaintiffs have thereof declared against him, and assess damages in the sum of $64.11, to which finding defendant excepts.

If the finding of the court is set aside, the question is reserved whether this suit could be maintained if the plaintiffs consented that it should be brought.

*Ladd & Ray,* for plaintiffs.

*Burns & Fletcher,* for defendant.

BELLOWS, J.    The sale in this case was conditional, and the property in the melodeon was not to vest in Ripley until the note he gave for it was paid.    Still he acquired an equitable interest in it which was holden for the payment of the note.    That note he was bound to pay, and had already paid part, although, until he paid the rest, the general property in the melodeon remained in the vendors; not, however, as the absolute owners, but as collateral security, not differing materially from security by way of mortgage or other lien; *Root* v. *Lord,* 23 Vt. 568; and we are of the opinion that a transfer of the note would carry with it, as an incident, the assignor's interest in the melodeon, in the same manner as the assignment of a mortgage debt would carry with it the mortgage; *Rigney* v. *Lovejoy,* 13 N. H. 247.

In form this is neither a pledge nor mortgage, but the obvious purpose of the parties was a sale, and the holding of the melodeon as security for the price; and we think it must so be regarded.    If it be so, then the property so held passes with the debt as a mere incident, as in other cases of collateral security; otherwise the vendor, who has already received pay for his property, continues to hold it, with the chance that it may become his absolutely, if the vendee should fail to pay the price to the assignee.

The counsel for the plaintiff admits that an equitable interest in the melodeon passed to the assignee, but contends that it must be worked out through the assignor.    If, however, such equitable interest did pass, it must be upon the ground that the property was held as collateral security, and was a mere incident of the debt, and if so, it is properly embraced by the doctrine applicable to the assignment of mortgages of real estate.

If, then, this melodeon is to be regarded as collateral security for the price, and of this we have no doubt, it must pass with a transfer of the note given for it, and consequently this action cannot be maintained.

With these views, of course, it is immaterial whether the plaintiffs did or did not assent to the suit.

*Verdict set aside.*