Nichol's *v.* Mead.

---

GILBERT NICHOLS *v.* SIDNEY MEAD.

(GENERAL TERM, SEVENTH DISTRICT, MARCH, 1870.)

It is well settled, that after a mortgagee of chattels has taken possession of the mortgaged property, by virtue of a power in the mortgage, the mortgagor has no remaining interest in it, which can be seized and sold under execution, even though the mortgage debt is not due.

The amount secured by chattel mortgage was less than the cost of the property mortgaged; the provision for sale restricted the mortgagee to sales at cost price; there was provision for immediate possession and sale; and for return of the surplus property after sales sufficient to pay the debt, and the condition was for payment within a year.—*Held*, the mortgagee having taken possession, that the mortgagor had no leviable interest in the property mortgaged, though within a year from the date of the mortgage.

Where the complaint alleged the taking of goods "particularly mentioned
in the affidavit heretofore served upon the defendant in this action."—
*Held*, that the affidavit was, for the purpose of describing the goods, made
part of the complaint.

THE plaintiff sued to recover possession of various articles
of merchandise, alleging in his complaint that the same were
of the value of $2,500, and particularly mentioned in the
affidavit heretofore served on the defendant, &c. He gave
bonds and obtained possession. The defendant pleaded a
levy, as sheriff, on the 25th July, 1868, under execution
against the mortgagor, upon judgment bearing date July 21,
1868, for $276.79, on a debt due before July 13, 1868.

Upon the trial plaintiff proved a chattel mortgage, bearing
date June 13, 1868, executed to him by one Green, being
upon merchandise inventoried, upon a schedule annexed
thereto, at cost prices, in the aggregate at the sum of $3.208.81.
It recited various debts due from Green to the mortgagor,
amounting to a total of $2,800, and transferred to him the
property inventoried under provisions as follows, viz. : "Pro-
vided always, and this mortgage is on the express condition
that the said mortgagor shall pay to the said mortgagee, the
just and full sum of all moneys which he, the said Nichols,
has necessarily paid or shall necessarily pay on account, and
by reason of all and singular, the obligations and responsibili-
ties incurred or assumed by the said Nichols, for or on account
of the said mortgagor up to the date hereof, and the necessary
costs, charges and expenses hereinbefore mentioned, with
interest thereon, in one year from date hereof, then this trans-
fer shall be so far void that whatever of said property shall be
or remain in the hands or control of said Nichols, at the time
of the payment, so as aforesaid provided and conditioned to
be paid by said mortgagor (and which the said mortgagor
covenants to pay), together with the fair costs or purchase
price of whatever of said property shall have been sold or
disposed of by said Nichols, prior to such payment by said
mortgagor, shall, on demand of said mortgagor, be returned,
restored, given up and paid by said Nichols to said mortgagor."

"And for the greater security of the said Nichols, it is further provided, that the said Nichols may, at his option, take immediate possession of said property, and also of the store No. 121 Genesee street, where the same now is, and occupy said store as freely and fully as I may or do, or might under the lease which I have of the same, during the lifetime of this mortgage, and said Nichols may immediately sell and dispose of said property at public or private sale, and continue so to do, at the best price to be had, not less than the original cost price of the same, except as to odds and ends and remnants, until he shall have derived or realized therefrom, money sufficient to meet, satisfy and fulfill the before mentioned purpose and object of this instrument, and without the let, hindrance or interference of said mortgagor, and to his exclusion from all control, voice or management."

The plaintiff also proved by Green that immediately after executing the mortgage, the plaintiff had required him to give possession, and that he had thereupon surrendered possession of his store, and the goods therein, to the plaintiff, and that some days after the defendant levied on the goods so in the plaintiff's possession; that at the time of the levy, all the goods named in the schedule of the mortgage were in the store, except some sixty dollars worth thereof, which had been sold, part of which were specified, and that no inventory was taken at the time of the levy, or when they were replevied by plaintiff. The defendant moved for a nonsuit upon grounds which sufficiently appear in the opinion of the court, which was granted, and the plaintiff moved upon a case and exceptions for a new trial. Defendant was served with the affidavit (Code, § 207) referred to in the complaint.

*G. O. Rathbone*, for the plaintiff.

*F. G. Day*, for the defendant.

Present—JOHNSON, E. D. SMITH and J. C. SMITH, JJ.

By the Court—JOHNSON, P. J. The action was to recover possession of certain goods and chattels which the plaintiff

Nichols v. Mead.

claimed as mortgagee of Frank B. Green. The defendant levied upon the property by virtue of an execution in his hands as sheriff of Cayuga county, issued upon a judgment against Green in the Supreme Court in favor of certain creditors. At the time of the levy, the plaintiff was in possession of the property by virtue of his mortgage.

The plaintiff at the close of his evidence was nonsuited. The nonsuit was right if Green, the judgment debtor, had at the time of the levy, an interest in the mortgaged property, which was subject to be taken and sold on execution. Otherwise the nonsuit was erroneous, and a new trial must be granted. It is well settled, that after a mortgagee has taken possession of the mortgaged property, by virtue of a power in the mortgage the mortgagor has no remaining interest in it, which can be seized and sold on execution, even though the mortgage debt is not due. The interest of the mortgagors is then but an equity of redemption, which is not the subject of seizure and sale on execution. (*Mattison* v. *Baucus*, 1 N. Y., 205; *Galen* v. *Brown*, 22 id., 37; *Hall* v. *Sampson*, 35 id., 274.) It is claimed on the part of the defendant, that by the terms of the mortgage, the mortgagor had a reserved interest in the property to the amount of $408. 81. But nothing of this kind appears on the face of the instrument, or by the parol evidence. The mortgage, by its terms, transfers the entire property to the plaintiff subject only to the condition, of payment in one year, which the mortgagor undertook in terms to perform. This transferred the entire legal title to the goods, to the mortgagee, subject to be defeated by payment. (*Butler* v. *Miller*, 1 N. Y., 496.) When payment is made according to the condition of the mortgage, the title reverts to the mortgagors in every case. That is one of the incidents of a defeasible sale. But this is quite different from a reserved interest, which is subject to the claims of the creditors of the mortgagor on execution. By the terms of this mortgage, the mortgagee had the right to proceed and sell forthwith, at prices not below the cost price (except in the case of remnants), to

raise funds, to meet the liabilities as they should fall due respectively, and when the debt was paid, the residue remaining unsold reverted to the mortgagor.      But, as in every other chattel mortgage, the title to the entire stock, is in the mortgagee until the debts are paid.      It is clear, therefore, that Green, the mortgagor and judgment debtor, had no interest in the mortgaged property, which was the subject of levy and sale by execution.

If there was any question as to the fact of the plaintiff's possession, or of fraud in the making of the mortgage, as respects the creditors of the mortgagors, it was a question for the jury to determine and not for the court.      I do not see that any question properly arises here, upon the complaint, or in regard to the identity of the property levied upon by the defendant, and replevied from him by the plaintiff.      The complaint alleges the taking of the store of goods, particularly mentioned in the affidavit theretofore served upon the defendant in the action.      The affidavit, for the purpose of describing the goods particularly, is thus made part of the complaint, and contains a schedule in detail of the various kinds and items.      The taking of these goods is justified by the defendant's answer.      No question was made upon the trial, that the same goods levied upon, were not in fact the goods which were taken and redelivered to the plaintiff, by virtue of the process and proceedings in this action.      All the evidence in regard to the identity of the property, was out, when the plaintiff rested, and I am unable to perceive that there was any room for doubt as to what property had been levied upon, and replevied from the defendant.

I am of the opinion, therefore, that the plaintiff, as the case stood, was entitled to recover, and that the nonsuit was erroneous.

A new trial should therefore be granted with costs to abide the event.

New trial granted.