E. DARWIN HILLS, Respondent, v. CHARLES W. WHITE, Appellant.

*Stock of goods in a store, taken for a debt — possession and title of the purchaser — levy and sale under executions against the debtor in favor of third parties — chattel mortgage.*

In an action brought to recover the value of a stock of drugs in a store, originally the property of one Hanson, alleged to have been taken from the plaintiff's possession and converted by the defendant, the defendant answered that, as sheriff, he had levied upon and sold the goods under executions issued upon judgments against Hanson. The plaintiff claimed to have purchased the goods from Hanson some fifteen days before the levy, in payment of an indebtedness represented by notes of Hanson, secured by a chattel mortgage; that at the time of the purchase he took possession of the goods and surrendered the notes and chattel mortgage and his claims against Hanson, and received a bill of sale, and that, by the terms of the purchase, he was to proceed and sell the goods and retain therefrom the amount of Hanson's indebtedness to him, and deposit the surplus, if any, in a bank to Hanson's credit. The plaintiff gave evidence that Hanson's indebtedness to him amounted to $1,494.95, and that the value of the goods was $1,780.84. The defendant conceded that the goods were worth $1,500. The evidence in the case was conflicting, and the jury rendered a verdict in favor of the plaintiff for $1,584.50.

*Held,* that the verdict should not be disturbed, as the evidence warranted the jury in finding that the plaintiff was the owner of the property at the time of the levy and sale made by the defendant as sheriff, and that the purchase was made by the plaintiff in good faith for the purpose of paying to the plaintiff an honest debt held by him against Hanson;

That the exclusion of questions put to Hanson, as a witness for the defendant, calling for his opinion as to whether he had managed his business well or otherwise, did not require an interference with the verdict.

The defendant sought to justify the taking of the property under judgments and executions issued thereon against Hanson; the trial court ruled that the burden of establishing such defense rested upon the defendant.

*Held,* that this was an affirmative defense, and the ruling was, therefore, correct.

In the body of the charge to the jury, the court referred to witnesses who had given evidence tending to corroborate testimony given by Hanson on some branches of the case; at the close of the charge, the defendant made a general request, enumerating witnesses, that the court charge "that the testimony of Hanson as to the signing of the contracts and the transferring of the property to Hills (the plaintiff) from Hanson, was corroborated by the witnesses" named. The court declined "to charge the proposition any further than he had charged it."

*Held,* that such refusal was proper; that the body of the charge had substantially and correctly informed the jury of the bearing of the testimony that had been given by the witnesses enumerated.

The defendant's counsel requested the court to charge "that a chattel mortgage upon the stock of goods in a business place where the goods are being sold from

time to time by the mortgagor, is void as against creditors." The court, in response, observed : " It is possible that there are some circumstances under which a chattel mortgage may be rendered void, if it gives to the mortgagee the right to sell, or if the mortgagor sells, it may become void as to creditors. It depends upon the circumstances." To this an exception was taken.

*Held*, that the court committed no error which the exception presented.

APPEAL by the defendant, Charles W. White, from a judgment of the Supreme Court, entered in the office of the clerk of Schuyler county on the 23d day of March, 1891, upon a verdict in favor of the plaintiff, rendered at the Schuyler Circuit, and from an order made at Special Term, and entered in the same clerk's office on the 17th day of December, 1892, denying the defendant's motion for a new trial upon a case and exceptions.

The verdict recovered by the plaintiff was for the sum of $1,584.50.

*Youmans, Moss & Knipp*, for the appellant.

*M. M. Mead*, for the respondent.

HARDIN, P. J. :

Plaintiff, in his complaint, alleges that on the 26th of March, 1890, he " was the owner, and in possession of a stock of drugs, chemicals * * * all contained in the store No. 2 in the Tracy block, so called, situate in the village of Havana." He also alleges in his complaint, that on the 11th of March, 1890, he purchased the stock, the property aforesaid, of one John H. Hanson, in payment of an indebtedness of $1,494.95, and that by the terms of the purchase he was to proceed to sell the property, and retain therefrom the said indebtedness of $1,494.95 ; and if there was any further sum realized above that indebtedness, and any expenses, the surplus was to be deposited to the credit of Hanson in the bank in Havana; and that in pursuance of the purchase the plaintiff surrendered to Hanson as a consideration of said sale several promissory notes of Hanson's held by the plaintiff which, with the interest added, amounted to $1,494.95, that being the sum that Hanson justly owed the plaintiff. The plaintiff alleges that after the purchase he took immediate possession of said store and stock of goods; and the plaintiff alleges in his complaint that the value of the goods so taken was $1,780.84. He further alleges that on the 26th of March, 1890, the defendant

"unlawfully and wrongfully entered said store where this stock of goods then was, and unlawfully and wrongfully dispossessed the plaintiff, and took possession of said stock of goods aforesaid, and converted them to his own use, and wholly deprived this plaintiff of the same. * * *" In the answer of the defendant several judgments against John H. Hanson are set out, and an averment that executions were issued thereon, and placed in the hands of the sheriff, the defendant, and that in virtue thereof he made a levy upon the property; and that in virtue of the levy and executions the defendant, the sheriff, sold the property referred to in the complaint. Upon the trial the plaintiff gave evidence that he was in possession of the property at the time of the levy, and gave evidence tending to support his title to the property; and that theretofore he had received from Hanson a chattel mortgage collateral to the notes and indebtedness of Hanson to him, and that pursuant to the purchase of the goods in satisfaction of the mortgage and indebtedness so held by the plaintiff against Hanson, he surrendered the notes and claims which he held against Hanson on the 10th of March or the next day, in pursuance of the purchase of the property made by him of Hanson. The plaintiff also gave evidence that he had taken from Hanson a bill of sale transferring the property in pursuance of the arrangement already stated. There was some dispute as to the circumstances attending the bill of sale, and as to its validity, and a conflict in the evidence relating thereto. There was the positive testimony of the plaintiff, to some extent corroborated, as to the essential facts to sustain the issue in behalf of the plaintiff. Hanson was called as a witness, and in many particulars disputed the testimony given by the plaintiff; and some other testimony was given tending to support the position taken by Hanson in respect to the bill of sale. It appeared, however, upon all the evidence, that the plaintiff was in possession of the property at the time the levy was made, claiming to be the owner thereof; and after considering all the evidence that relates to the question of ownership we are of the opinion that the court was authorized to submit the question to the jury as to whether at the time of the levy the plaintiff was the owner and in possession of the property as such; and also whether Hanson had any title, interest or ownership in the property at

the time the levy was made by the sheriff. Upon the conflicting evidence we are not inclined to disturb the verdict rendered by the jury, finding in effect that the plaintiff was the owner of the property at the time the levy and sale were made by the defendant, as sheriff. Upon the trial "it was conceded by the defendant for the purposes of the trial that the value of the goods taken and sold by the sheriff was $1,500." Defendant's position upon the trial, as presented by his answer and by the evidence, was that the levy was justified inasmuch as the property at the time of the levy, was the property of Hanson, the judgment debtor. Upon the evidence it was a question of fact for the jury to determine whether the plaintiff was in possession of the property at the time of the levy; whether there was any fraud in the mortgage which he held upon the property; whether he had an actual indebtedness against Hanson which was the basis of his purchase of the property from Hanson, and whether the purchase was made in good faith without any intent to defraud creditors. (*Nichols* v. *Mead*, 2 Lans. 226.) Upon looking into the charge we find these questions of fact were fairly presented to the jury, and upon the evidence the jury were warranted in finding that the purchase was made by the plaintiff in good faith for the purpose of paying to the plaintiff an honest debt held by him against Hanson. (*Dudley* v. *Danforth*, 61 N. Y. 626.)

(2) It is claimed that the court erroneously refused to allow the witness Hanson to answer the question : " You handled this stock in a proper manner, did you ? " also the question, " You managed that business in the way most likely to produce the best results for a profit ? " And in excluding an offer " to show by this witness the amount of money that was actually put in the goods in the business." The witness had already been permitted to state that " The goods I bought were in value altogether about $1,800 ; " and it was not a question for an opinion by the witness whether he had managed the business well or otherwise, and the rulings referred to and the exceptions thereto do not require an interference with the verdict.

(3) Defendant sought to justify the taking of the property under the judgments and executions issued thereon against Hanson. That was an affirmative defense, and we are of the opinion that the court

committed no error in saying that the burden of establishing that defense rested upon the defendant.

(4) In the body of the charge the court had referred to witnesses who had been upon the stand and gave evidence tending to corroborate the testimony given by Hanson on some branches of the case, and at the close of the charge a general request was made, enumerating witnesses, that the court charge that " That the testimony of Hanson as to the signing of the contracts and transferring the property to Hills from Hanson was corroborated by the witnesses" named. In response thereto the court observed that it " declined to charge the proposition any further than he had charged it;" to which refusal the defendant's counsel duly excepted. We think the exception presents no error, and that the body of the charge had substantially and correctly informed the jury of the bearing of the testimony that had been given by the witnesses enumerated.

(5) The defendant's counsel requested the court to charge " That a chattel mortgage upon the stock of goods in a business place where the goods are, being sold from time to time by the mortgagor, is void as against creditors." In response thereto the court observed : " It is possible that there are some circumstances under which a chattel mortgage may be rendered void if it gives to the mortgagee the right to sell or if the mortgagor sells it may become void as to creditors. It depends upon the circumstances." An exception was taken thereto. We think the court committed no error which the exception presents. (*Cook* v. *Bennett*, 60 Hun, 8, and cases there referred to in the opinion.) We have looked at the other exceptions to which our attention has been called, and are of the opinion that none of them require us to disturb the verdict.

MERWIN, J., concurred ; PARKER, J., not sitting.

Judgment and order affirmed, with costs.