(6 Misc. Rep. 236.)

BURCHELL v. GREEN et al.

(Supreme Court, Special Term, St. Lawrence County. December, 1893.)

EXECUTION—PROPERTY SUBJECT TO—INTEREST UNDER CONDITIONAL SALE.

A conditional sale, by which the goods are to remain the property of the seller until paid for, does not give the purchaser a leviable interest in the goods before payment of the price. Hull v. Carnley, 11 N. Y. 501, distinguished.

Replevin by B. E. Burchell against J. E. Green and others. Plaintiff demurs to an affirmative defense set up in the answer. Sustained.

S. S. Trowbridge, for plaintiff.
L. J. Dorwin, for defendant.

RUSSELL, J. The legal question presented here arises upon a demurrer on the merits to the affirmative defense of the answer. The action is replevin, and the defense is justification under a judgment and execution. By the pleadings the ownership of the plaintiff, of the title to the personal property, is admitted. But the defendants claim in their answer that the execution debtor, Green, had a leviable interest in the personalty by the part payment towards the purchase price of $57, and by a written agreement, of which the following is a copy:

"$570. Antwerp, N. Y., April 20th, 1893.

"Two months after date, I promise to pay to the order of B. E. Burchell, at the City National Bank, Watertown, N. Y., $750, for part purchase price of desks, chairs, tables, and typewriters in College of Commerce, Watertown, N. Y., which shall be and remain the property of the said B. E. Burchell until paid for in full. Value received, with use. J. E. Green, 2d."

Beyond doubt, the title remained in the plaintiff, and this title could not be sold on an execution against the judgment debtor, the note having been duly filed. Herring v. Hoppock, 15 N. Y. 409; Ballard v. Burgett, 40 N. Y. 315; Cole v. Mann, 62 N. Y. 1.

But the defendants claim that Green had a possessory interest, good until the note became due, which either was leviable upon under execution, or, if not, that replevin will not lie under the provision of the Code of Civil Procedure affecting the action of replevin, unless the plaintiff has a right to reduce the property to his possession at the time the action is brought. Code Civil Proc. § 1690, subd. 3. And on the first branch of their defense they cite Hull v. Carnley, 11 N. Y. 501. That case holds that a leviable interest exists where the mortgagor has, by definite agreement, a right to pos-

session for a definite time, and the levy is made while that right of possession continues. It may well be that a mortgagor, owning a title subject to the mortgage, who has a right to continue possession till default, has a leviable interest in the personalty. The excution creditor may proceed with his remedy, and, if necessary to protect himself, satisfy the mortgage. But the case at bar is widely different. The execution debtor never had any title. The plaintiff was the original owner, and never parted with his title, but made an executory agreement, by which, upon compliance, it was his duty to give the title to the other. It would also fulfill the condition of his contract if he delivered possession of the property upon compliance by the other. No action could be maintained by the party seeking to purchase for possession of the property, under the executory agreement, until he had performed the full act which would give him the title. If the plaintiff saw fit to leave the property in the hands of another, for convenience of delivery or otherwise, there was no time when he might not regain possession. Green was acting simply as the agent of the owner, and that agent had no right or power to transfer to any one a legal right of possession of the property for any definite time. As, therefore, the plaintiff had a right at any time to call upon the other for his property, according to the agreement and for his own security, no one could acquire an adverse right of possession as against him. The possibility of the right of definite possession is no greater than the possibility of the right of definite title. The former flows out of the latter. It is conceded that the officer levied upon this property. The term "levy," in legal parlance, signifies the taking possession, and this taking possession was a trespass upon the plaintiff's rights. Where trespass will lie, replevin will lie. And the point which the defendant makes, that this action cannot be maintained because the plaintiff had not a right to reduce the property to possession, is not well founded. Judgment is therefore given for plaintiff upon the demurrer, with costs.

Judgment for plaintiff.