Russell, J.
The plaintiff sues the heirs of the late Mrs. Cornelia M. Stewart to recover against them as partners with Mr. Woolworth for supplies furnished to Mr. Woolworth in the. management of the Grand Union Hotel at Saratoga Springs, and claim that the instrument by which Mr. Stewart’s heirs leased that property to Mr. Woolworth made them liable as partners to *551 third persons dealing with him for goods furnished for the purposes of the hotel during the existence of the lease.
By the instrument in question the heirs leased to Woolworth the hotel and furniture for the yearly rent of $52,500, and such additional contingent sum as should equal one-half of the profits. In order that the parties leasing might avail themselves of the advantage of the contingent rent, it was further provided that books of account should be kept, and on November 1, a detail of the profits should be furnished; that the heirs should have free access to the books ¡'should have a right to a voice in the selection of the' bookkeeper, and that the deposits should be made in bank in gross, and that no part thereof should be drawn for the personal use of the lessee until the liquidation of the specific and contingent rent.
The claim of the plaintiff is based mainly upon the provision for a sum equal to one-half of the profits. The other provisions referred to are not designed to give a partner’s rights to the lessors, but simply to facilitate and secure knowledge, and a collection of the contingent rent.
The plaintiff’s counsel does not claim the heirs to be partners inter sese with Woolworth, but claims that, as to third persons, they are liable as such.
Ordinarily, the rule which casts a partnership liability upon those who have not agreed to be partners is based upon conduct of the parties which holds them out to the world as such, or which is calculated to mislead persons dealing with the enterprise into the belief that they are partners. This liability is not founded upon the existence of a partnership relation created by an agreement which must be made in order to constitute an actual partnership, but upon general rules of equitable dealing which prevent innocent ones from suffering on account of the acts of others that were calculated to deceive them.
It is plain that no liability was created under this general rule as to third persons for the reasons stated, because there was no proof given, and there was no claim made, that the Stewart heirs held themselves out by act or deed to third persons as partners of Woolworth. The liability as to third persons is claimed as springing out of the agreement itself, and not from the acts of the lessors in any other respect.
There is only one ground upon which such a plea can be maintained, which is that the agreement provided for the participation of the lessors with the lessee in the profits of the enterprise as such, by the contribution of something of value to the enterprise, in which event it may be readily admitted that the parties were partners as to the world, no matter how much they might covenant between themselves that they should not occupy such relation. The agreement would then be simply a device to enjoy all the emoluments of a partnership, without the incurrence of any of the risks.
But this case is widely different. The lessors' own a valuable hotel. The lessee desires to rent it. The minds of the parties must meet upon some basis as a consideration for the use of the *552 hotel and furniture. They might speculate as to what the value of that use should be. Such value is largely dependent upon the custom attracted during the short season while this summer hotel would be in demand by guests. Such a speculation in advance might be far from the value as shown by the actual result.
A fairer way was devised. A basis was made for a certain rent smaller than the rental value, and, instead of a fixed sum beyond, the lessors content themselves with a further rent dependent upon the value of the use of the property to the lessee. They do not take this additional sum, if it arises, as profits of an enterprise in which they join with the lessee, but as a rental compensation, contingent and not absolute. It is precisely the same as if they had agreed to take an additional $50,000 in case the receipts of the hotel averaged $10,000 a day from the first of June to the-first of October.
I think these views are supported by the authorities. Perrine v. Hankinson, 11 N. J. L. (6 Halst.) 181.
This is a case of rental by which the landlord agreed with his-tenant to take a share of .the profits of the demised premises by way of rent. See, also, Pleasants v. Fant, 22 Wall. U. S. 116; Dwinel v. Stone, 30 Maine, 384; Augusta Bank v. Bones, 78 Ga. 246; Heinstreet v. Howland, 5 Den. 68 (also a rental case.); Richardson v. Hughitt, 76 N. Y. 55; 3 Kent’s Comm. 33.
The plaintiff argues that an agreement for a division of the profits in any form lessened the security of the creditors and furnishes the reason for making the lessors partners with the lessee. So do any expenses lessen the amount of the fund to which the creditors may have recourse for payment, and the preculiarity of'this lease is, that while a certain sum must be taken as expenses, as to which the lessors stand the same as other-creditors, yet, as to the contingent rental, they are deferred until the payment is made of all of the debts arising from the management of the hotel, they only receiving under this branch of the agreement a share of the remnants, so that in no view can that agreement on their part be antagonistic to the claims of the creditors.
They cannot enhance the profits by any control of their own. They have no power as partners and they should not be held to be liable as such.
Judgment is accordingly ordered for the defendants.