v. The Agalite Fibre Company, Respondent.— Judgment affirmed, with costs. No opinion.

Susan B. Jones, Respondent, v. Industrial Benefit Association, Appellant.— Judgment affirmed, with costs. No opinion.

In the Matter of the Application for an Order Directing Isaac Le Roy to Deliver Books, etc.— Order affirmed, with ten dollars costs and printing and other disbursements. Herrick, J., not acting. No opinion.

Otis A.. Teft, Appellant, v. John Donnelly, Respondent.— Judgment affirmed, with costs. No opinion.

Warren Dake, Appellant, v. Prescott Hall Butler, Respondent.— Judgment affirmed, with costs. No opinion.

Mary C. Harris, Plaintiff, v. James H. Kenyon and Ellen M. Kenyon, Defendants.— Order affirmed, with ten dollars costs and printing and other disbursements. No opinion.

Durward E. Burchell, Respondent, v. James E. Green 2d, and Others, Appellants.— Judgment affirmed, with costs. No opinion.

John Kiernan, Respondent, v. The Dutchess County Mutual Insurance Company, Appellant.— Judgment affirmed, with costs.—

HERRICK, J.: The most serious question raised upon this appeal is upon the admissibility of a chattel mortgage in evidence. It is contended that the mortgage is a forfeiture of the policy, either entirely or in part. It seems to me that the forfeiture was waived by the acts of the defendant. Right after the fire the president of the company visited the scene of the fire and inspected the ruins, conversed with the plaintiff, and it was after that that the plaintiff with the defendant's agent made an arrangement for an appraisal, and an appraisal was made. Proofs of loss were also subsequently put in and accepted by the defendant. It seems to me that these acts constitute a waiver. (*Brink v. Hanover Fire Ins. Co.,* 80 N. Y. 108; *Titus v. Glens Falls Ins. Co.,* 81 id. 410; *Roby v. A. C. Ins. Co.,* 120 id. 510; *Trippe v. P. F. Society,* 140 id. 23.) The effect of the chattel mortgage as a forfeiture having been waived, the defendant was not injured by the court not receiving it in evidence. I see no occasion for an opinion. The judgment should be affirmed, with costs. Mayham, P. J., and Putnam, J., concurred.

John S. Cronin v. Johanna C. Crooks.— Order amended by adding at the end thereof, after the words "printing disbursements," the following: "Upon the ground that the provisions of section 631 of the Code of Civil Procedure are mandatory, and that no ground was stated in said warrant of attachment for the granting of the same, for the reason that the statement in the alternative stated neither one fact or the other, and for that reason the order should be affirmed."· No opinion. Herrick, J., not acting.

Maria Ives v. The Metropolitan Life Insurance Company.— Motion for leave to go to the Court of Appeals granted. No opinion.

Solomon Fleischman and Others, Respondents, v. Gertrude Fleischman and Others, Appellants.— Order modified by striking out the provision therein giving the plaintiffs costs against the defendants, and by inserting a provision requiring the plaintiffs to pay defendants costs up to the time of the discontinuance, and with ten dollars costs of this appeal, together with the printing and other disbursements. Opinion *Per Curiam.* Not published by direction of the court.

---

## SECOND DEPARTMENT, JULY TERM, 1894.

The People of the State of New York ex rel. John Koch v. The Board of Excise of Town of North Castle.— Order affirmed. No opinion. Dykman, J., not sitting.

Keturah Willdigg, as Administratrix, etc., of William Willdigg, Deceased, Respondent, v. The City of Brooklyn, Appellant, Impleaded with Another.— Judgment and order affirmed, with costs.—

DYKMAN, J.: While this is a border case, it is yet one in which different minds would reach diverse conclusions. The facts proven leave the case in some obscurity, but the legitimate inferences which a jury would be permitted to draw from the established facts are sufficient to sustain the verdict. The defendant Leucke, being the owner of premises fronting on Broadway in the city of Brooklyn, being desirous of improving the same, procured permission from the city of Brooklyn to make an excavation under the sidewalk in front of his lot for the purpose of constructing a vault. After the issuance of the permit, Leucke removed the sidewalk, made an excavation and erected over it a temporary bridge about three feet above the surface and covering the entire width thereof. The bridge was completed on the 18th day of September, 1892. There was testimony which tended to show that the floor of the bridge was loose in some places, and sprung under the feet of passengers; that there was no diagonal railing down the steps from the horizontal railing to the sidewalk, and that the railing on the sides was not strong. At the end of the platform where the deceased was found there was a step from the sidewalk composed of two large blocks about eight or ten inches high, and then there was a step about twenty inches high to the top of the platform. One witness said that there was a space of two inches between the ends of the board and the upper step and that those boards which ran lengthwise of the bridge gave under the weight of a person passing over them. The deceased man was about sixty-five years of age, healthy, sober and industrious. On the night of September 24, 1892, he left Beck's saloon a little after twelve o'clock at night, and was found about twelve-twenty or thirty at the end of the bridge nearest his home and furthest from Beck's. His body was lying parallel with the sidewalk, with his feet about eighteen inches from the foot of the platform and his head under some flagstones which had been piled up on the sidewalk a short distance from the platform. His skull was crushed and he was unconscious and remained so until he died, a few days thereafter. The hand rail on the outer or street side of the platform was broken, and a brace from the top of that rail to a cross plank was loose. This action is brought by the administratrix of the deceased against the city and Leucke, and the plaintiff had a verdict against both, and the defendant, the city of Brooklyn, has appealed from the judgment entered thereon. The duties and obligations of the landowner and of the city were plainly and correctly stated to the jury by the trial judge. The position of the deceased man when he was found is significant of much. He was at the end of the bridge nearest his home and furthest from Beck's saloon. From this, in connection with other estab-

[80htf] 602
[59ad134]

80   602
85   126

80   602
89   339

80   602
150a 190