THE NATIONAL CASH REGISTER COMPANY, Appellant, *v.* HARRY C. COLEMAN, Respondent.

*Conditional sale — leviable interest in the property sold — a judgment for the unpaid purchase price does not affect the vendor's title — mortgagee in possession of personal property.*

A vendor delivered to a vendee a cash register in pursuance of a written contract whereby the vendee agreed to pay a specified sum therefor, of which a certain amount was to be paid in cash, and the balance in monthly payments to be made thereafter. It was further provided therein that, in case of any default in the making of any payment, the vendor might take possession and remove the property, and the balance of the purchase price should at once become due and payable. It was also provided that the title to the property should not pass until it was paid for, but should remain in the vendor until* that time.

*Held,* that the arrangement between the parties was a conditional sale, and was valid;

That the title to the cash register did not pass as between the parties, and that the purchaser had no leviable interest in the property until the purchase money was fully paid;

That the recovery by the vendor of a judgment for the unpaid portion of the purchase price due on such property, after taking possession thereof, as long as it remained unsatisfied, did not affect the title of the vendor in the property.

Where a mortgagee is in possession of personal property the mortgagor has no leviable interest therein; he has only an equity of redemption which is not the subject of seizure and sale on execution.

APPEAL by the plaintiff, The National Cash Register Company, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 6th day of October, 1894, granting the defendant's motion to vacate and set aside the return of an execution issued upon the judgment recovered by the plaintiff against the defendant.

*Miller, Gridley & Pratt,* for the appellant.

*Albert T. Benedict,* for the respondent.

MERWIN, J. :

In November, 1892, the 'plaintiff delivered to the defendant a cash register, in pursuance of a written contract signed by the defendant, by which he agreed to pay therefor the sum of $175, of which thirty dollars was to be paid down in cash and ten dollars monthly thereafter, and it was provided that in case of default in making any payment the plaintiff might take possession of and remove the register, and the balance of the purchase price should at once become due and payable. It was also in the writing agreed that the title to the register should not pass until the same was paid for in full, and should remain in the plaintiff until that time. Payments to the amount of $100 were made upon the contract, and then default was made. The plaintiff thereupon took possession of the register and still has it. Soon after taking possession the plaintiff brought suit against the defendant for the balance of the purchase price, being the sum of seventy-five dollars, and on the 7th of August, 1894, recovered judgment therefor. An execution was issued thereon to the sheriff of Onondaga county, and by him returned wholly unsatisfied on the 5th of September, 1894. Thereafter the plaintiff commenced proceedings against defendant supplementary to execution, and then the defendant moved at Special Term to set aside the return of the execution, and the order appealed from was made. The ground for setting aside the execution was stated in the order to be " that the defendant has a leviable interest in the register, and that the sheriff did not levy upon the same because he was informed by the attorneys for the plaintiff that the defendant had no interest subject to levy therein."

The arrangement between the parties was a conditional sale, and there is no doubt about its validity. (*Frank* v. *Batten,* 49 Hun, 94, and cases cited.) The title, as between the parties at least, did not pass. (*Herring* v. *Hoppock,* 15 N. Y. 409 ; *Comer* v. *Cunningham,* 77 id. 397.) In such a case, as it has been held in numerous cases, the purchaser has no leviable interest until the purchase money is fully paid. (*Strong* v. *Taylor,* 2 Hill, 326 ; *Herring* v. *Hoppock, supra ; Cole* v. *Mann,* 62 N. Y. 1; *Burchell* v.

*Green,* 6 Misc. Rep. 236, affd. in 80 Hun, 602 ; Freeman on Executions, § 124, and cases cited.) The recovery of the judgment, as long as it remained unsatisfied, did not affect the title of the plaintiff in the property. (Hilliard on Sales, 23 ; *Root* v. *Lord,* 23 Vt. 568 ; *Vaughn* v. *Hopson,* 10 Bush. 337.) In *Brewer* v. *Ford* (54 Hun, 116, 120) it is said : " The right asserted by the plaintiff, that under the contract he may retain the title to the property and at the same time enforce the vendee's promise to pay the purchase price, are not inconsistent, and both propositions have their foundation in the agreement, which was in all respects lawful as between the parties thereto." (See, also, *Marvin Safe Co.* v. *Emanuel,* 21 Abb. N. C. 181, and note at page 197.) There is nothing in the case to indicate that the plaintiff has waived any of its rights.

If, as the defendant suggests, the plaintiff is to be treated as a mortgagee, the defendant would have no leviable interest in the property, as the defendant is in default and the plaintiff is lawfully in possession. The defendant would have only an equity of redemption, which is not the subject of seizure and sale on execution. (*Nichols* v. *Mead,* 2 Lans. 225.)

If the defendant claims that the right of plaintiff to sue for and recover the balance of the purchase price was affected by its retaking possession of the property, that was a matter to be raised in the action, as the retaking was before it was commenced. It is not a question that can be considered here. We are referred to no authority which requires the plaintiff to have its lien, if it be called that, foreclosed by allowing the property to be sold on the judgment, which we assume it had a right to recover for the balance of the purchase money. It has a right to collect, if it can, its judgment in the ordinary way. It only seeks to recover its debt; it does not claim to hold the register after the debt is paid.

We fail to see how it can legally be said that the defendant has any leviable interest in the register. It follows, therefore, that the order of the Special Term cannot be sustained.

HARDIN, P. J., and MARTIN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.