H. T. HACKNEY CO. *et al. v.* ROBERT E. LEE HOTEL *et al.**

## (*Knoxville.* September Term, 1927.)

Opinion filed, December 3, 1927.

### 1. PARTNERSHIP. CREATION.

A partnership is always created by a voluntary agreement of the parties and not by operation of law. (Post, p. 246.)

Citing: Pritchett v. Plater, 144 Tenn. (17 Thomp), 435; Hubbell v. Woolf, 15 Ind., 204; Wilson v. Cobb, 28 N. Y. Eq., 177; Butler v. Merrick, 24 Ill. App., 628; Canton Bridge Co. v. Eaton Rapids, 107 Mich., 613; Beecher v. Bush, 45 Mich., 188.

### 2. PARTNERSHIP. EVIDENCE. PROFIT SHARING.

Mere profit sharing is not an infallible test by which to determine the existence of a partnership. (Post, p. 247.)

Citing: Cudahy Packing Co. v. Hibou, 18 L. R. A. (N. S.), Id., Note IX, p. 1006, Note B. C. D., p. 1012, et seq.; Eastman v. Clark, 53 N. H., 76; Bell v. Hare, 59 Tenn (12 Heisk.), 615; Polk v. Buchanan, 37 Tenn. (5 Sneed), 722.

### 3. PARTNERSHIP. EVIDENCE. PROFIT SHARING.

If participation in profits was not a sharing in profits as principal, but a sharing under an agreement by which a sum was to be received equal to a definite proportion of the property as compensation for services or rent, there would be no liability as partners. (Post, p. 248.)

Citing: England v. England, 60 Tenn. (1 Baxt.), 109; Fechteler v. Palm Bros., 133 Fed., 462.

### 4. PARTNERSHIP. LANDLORD AND TENANT. LEASE.

Where the provision of a lease on a hotel limited the lessee's personal use of rooms therein; provided for the payment of a fixed salary for the tenant as manager; that the tenant should give his personal attention to the management and not substitute another without the landlord's written consent; that the tenant would render the landlord a daily statement of rooms occupied; a daily statement as well as a monthly statement of the business; and an

---

*As to effect of agreement to share profits to create a partnership, see annotation in 18 L. R. A. (N. S.), 963; 20 R. C. L., 823, et seq.

auditor's statement once a year; that the landlord shall have the right to inspect the books of the hotel; that the tenant carry his account in a certain bank; that the hotel be operated on a cash basis; and the further provision that the failure to comply with the terms imposed, or to pay the stipulated rent, would result in a forfeiture of the lease on thirty days' notice, the relation of landlord and tenant and not that of partners is created. (Post, p. 248.)

5. PARTNERSHIP.   UNIFORM PARTNERSHIP LAW.   CON-
   STRUCTION.

The Uniform Partnership Law cannot be construed so as to make such a contract one of partnership.  (Post, p. 250.)
Citing: Acts of 1917, chapter 140, secs. 6 and 7.

6. PARTNERSHIP.   IMPLIED CREDIT.

If one person holds himself out as a partner and thereby induces another to extend credit to a third party upon the faith of such representation he would be liable.  (Post, p. 251.)
Citing: Acts of 1917, chapter 140, sec. 16.

7. UNIFORM PARTNERSHIP LAW.   ESTOPPEL.

Where parties are not partners inter sese and one of them is charged with responsibility to third persons for the partnership debts, liability rests altogether upon the doctrine of estoppel under the rule existing prior to the enactment of the Uniform Partnership Law as embodied in the Act.  (Post, p. 251.)
Citing: Acts of 1917, chapter 140, sec. 16.

8. PLEADINGS.   BILL.   DEMURRER.   FACTS.   LAW.

A demurrer only admits the truth of the facts stated in the bill. It does not admit the intendments and bare inferences that may be drawn from the facts, nor conclusions of law that arise upon the undisputed facts.  (Post, p. 252.)

---

*Headnotes 1. Partnership, 30 Cyc., p. 352; 2. Partnership, 30 Cyc., pp. 369, 376, 385, 387, 388; 3. Partnership, 30 Cyc., p. 374; 4. Partnership, 30 Cyc., p. 374; 5. Partnership, 30 Cyc., p. 395; 6. Partnership, 30 Cyc., p. 391; 7. Pleading, 31 Cyc., pp. 333, 335; 8. Partnership, 30 Cyc., p. 393.

---

FROM McMINN.

Appeal from the Chancery Court of McMinn County.— HON. T. L. STEWART, Judge.

BROWN & CANDLER and JONES & DAVIS, for complainant.

PAUL R. STEWART, E. B. MADISON and D. SULLINS STUART, for defendant.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed by the creditors of E. W. Jerow acting under the trade name of the Jerow Hotel Operating Company, to subject his assets to payment of debts incurred in the operation of the Robert E. Lee Hotel; and against G. F. Lockmiller, owner of the hotel property, to charge him as a partner.

Material parts of the rental contract between Jerow and Lockmiller were set out in the bill, and later a certified copy of the lease was filed. Complainants charge that Lockmiller reserved such control over operations and resulting profits as to constitute a partnership with Jerow, or at least to render him liable as a partner. A demurrer on behalf of the defendant Lockmiller was sustained and the bill dismissed, the Chancellor holding the facts presented by the bill insufficient to render him liable.

By contract dated July 22, 1926, recorded August 3, 1926, Lockmiller expresses the purpose to "rent, demise and lease" to Jerow for the period of ten years the "south half of the block fronting on Jackson Street, on the East side of the public square in Athens, covered by the new hotel building recently erected, etc.," upon the following terms and conditions, to-wit:

That Jerow pay, as a fixed rental, in monthly installments, a sum equal to five per cent the first year, and

six per cent each subsequent year, upon Lockmiller's investment shown by annexed schedules. Upon failure to pay the monthly rental Lockmiller, called the landlord, may declare the lease void after thirty days default. In addition to the fixed monthly rental Jerow, called the tenant, was to pay semi-annually, as additional rent one-half of the net profits resulting from the use of the property, after deducting the monthly charge of a percentage upon the investment, and taxes, insurance, Jerow's allowance as manager, and all cost of operation including supplies.

The contract provides: "the half going to the landlord shall be deemed and considered as part of the rental of said property, and it is expressly understood and agreed by the parties hereto that this provision is one of strict rental only, and shall in no way be considered or construed as creating the legal relation of a partnership, and it is further expressly understood that the landlord is in no way responsible for any losses which said tenant may sustain at any time, but should the tenant sustain loss in any six months accounting period which shall exceed the profits of that period, then the said landlord will receive for such period only the guaranteed monthly rental stated above."

(1) Upon default in payment of any semi-annual rent charge based on profits, the landlord reserved the right to declare the lease forfeited. Complainants insist that Jerow and Lockmiller, engaged in a joint enterprise intended to produce profits in common and a partnership resulted, at least as to creditors who furnished supplies for use of the hotel. A partnership is always created by a voluntary agreement of the parties, and not by operation of law. *Pritchett* v. *Plater,* 144 Tenn., 435.

*(2)* Mere profit sharing is not an infallible test by which to determine the existence of a partnership. In some of the early English and American cases the test seems to have been applied without qualification, it being held that an agreement to share profits justified the inference of a partnership. To whatever facts the rule may have been applied its application could be justified only upon the theory that they are partners who share profits as profits, or who have a proprietary interest in a business from which profits are anticipated. *Cudahy Packing Co.* v. *Hibou,* 18 L. R. A. (N. S.) Id. Note IX, p. 1006, Note B. C. D. p. 1012 *et seq.*

In *Eastman* v. *Clark,* 53 N. H., 76, referred to in the note to *Cudahy* v. *Hibbou,* the Court in substance said whatever notion may have been entertained as to the effect of the many cases involving the subject, they do not establish as a test profit sharing in unqualified form. When profit sharing is accepted as a test, it is, almost universally, with the qualification that if the profits are reserved as compensation for services or as payment of a debt, sharing them is not the test.

This statement of the rule is in accord with our own cases. In *Bell* v. *Hare,* 12 Heisk., 615, it was stated in substance that sharing profits, either net or gross is not a conclusive test of partnership, for if it appear by the terms of the contract that a share of the profits is given to one of the parties as compensation for services, the presumption of a partnership is thereby rebutted.

In *Polk* v. *Buchanan,* 5 Sneed, 722, the Court held that a partnership could not be inferred from a mere stipulation that a party shall receive a specific proportion of the net profits. After suggesting that the rule based on the early cases had been essentially modified the Court said it would be "incongruous to seize upon and insulate the words 'net profits,' from the context, and by taking them

in the legal sense of the phrase, give to the whole agreement a meaning and effect diametrically opposed to the express intention and agreement of the parties; and thus create, for the purpose of a particular determination, a fictitious relation between the parties, which, upon the face of the whole instrument, is demonstrated not to have existed.''

(3) In *England* v. *England,* 1 Bax., 109, the Court held it ''competent for parties hiring or renting property, to contract with a view to speculative compensation.''

In *Fechteler* v. *Palm Bros.,* 133 Fed., 462, it was said if participation in the profits was not a sharing in profits as principal, but a sharing under an agreement by which a sum was to be received equal to a definite proportion of the profits as compensation for services or rent, there would be no liability as a partner.

In *Cudahy* v. *Hibou,* 18 L. R. A. (N. S.), Note 2, Page 1042, the annotator states upon numerous authorities cited that there is a virtual unanimity in the decisions that no partnership is created, neither is any partnership liability incurred, by a land owner when he rents land, buildings and appurtenances to a tenant upon which to carry on business, and stipulates in lieu of a fixed rent or as addition to a fixed rent, that he shall receive a part of the tenant's profits, provided he does not unite with the tenant in carrying on the business.

(4) The contract, in express terms, created the relation of landlord and tenant and fixed the rent charge at a sum equal to five per cent the first year and six per cent thereafter based upon Lockmiller's investment, and an additional charge, dependent upon the result of the use of the property, of half the net profits. Without more a partnership could not be inferred. It is contended, however, that Lockmiller reserved such control over

Jerow's operations as to authorize the inference that he joined as a partner in operating the hotel.

The provisions of the lease relied on to sustain that insistence are substantially as follows: A limitation upon Jerow's personal use of rooms in the hotel; the provision of a deduction of $200 a month, Jerow's salary as manager of the hotel among the other deductions to be made in the process outlined to determine net profits; the requirement that Jerow should give his personal attention to the management of the hotel, and not substitute another without Lockmiller's consent in writing; the requirement that Jerow render to Lockmiller a daily statement of rooms occupied, and a daily statement as well as a monthly statement of the business, and an auditor's statement once a year; that complainant should have the right to inspect the books of·the hotel; that Jerow carry his account at the Citizens National Bank; that the hotel be operated on a cash basis, and the further provision that failure to comply with the terms imposed or to pay the rent as stipulated would result in a forfeiture of the lease upon thirty days' notice.

These provisions were intended to prevent wasteful methods in the conduct of the leased premises and to enable the landlord to determine whether the operation of the hotel produced a profit in excess of the fixed consideration from which the additional contingent consideration might be drawn. The insertion of such provisions, giving the lessor the means of ascertaining contingent profits and intended to facilitate payment of his share, would not change the lease to a partnership. *Dake v. Butler,* 28 N. Y. Supp., 134.

The provisions referred to could not result in benefit to Lockmiller, to the injury of those who extended credit to Jerow while operating the hotel. The lease was re-

corded affording notice of its terms. Moreover, it was expressly provided in the lease that all costs of operating the hotel, including supplies and salaries, should be a first consideration in the measures provided in the contract as a means of determining the portion of rent made dependent upon net earnings.

(5) The Uniform Partnership Law, Chapter 140, Acts of 1917, embodies the doctrine of the cases referred to. Section 6, subsection 1, declares a partnership to be an association of two or more persons to carry on as co-owners a business for profit.

Section 7 provides: "That in determining whether a partnership exists, these rules shall apply:

" 'Subsec. 1. Except as provided in Section 16 persons who are not partners as to each other are not partners as to third persons.

" 'Subsec. 3. The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

" 'Subsec. 4. The receipt by a reason of a share of the profits of a business is *prima facie* evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment;

" '(a)   As a debt by installments or otherwise.

" '(b)   As wages of an employee or rent to a landlord.' "

The contract by express terms negatives the intention to create a partnership and declares the relation of landlord and tenant between Lockmiller and Jerow. Jerow as lessee was to conduct the hotel business on his own account. Lockmiller was given no community of interest in either the capital employed or in the profits derived from the conduct of the hotel business. The essential

elements of a partnership are lacking in the provisions of the contract, as well as in the allegations of the bill, showing the attendant and subsequent conduct of the parties. Upon the facts stated in the bill the Court would not be authorized to declare a partnership.

It is said there is no such thing as a partnership by implication or operation of law. A partnership can only arise by a voluntary contract of the parties. *Hubbell* v. *Woolf,* 15 Ind., 204; *Wilson* v. *Cobb,* 28 N. Y. Eq., 177; *Butler* v. *Merrick,* 24 Ill. App., 628; *Canton Bridge Co.* v. *Eaton Rapids,* 107 Mich., 613; *Beecher* v. *Bush,* 45 Mich., 188.

(6) If Lockmiller held himself out as a partner and thereby induced complainants or any of them to extend credit to Jerow upon the faith of such representations he would be liable. Section 16 of the Uniform Partnership Law declares that one who holds himself out or represents himself to be a partner is estopped by such conduct from denying the existence of a partnership against those who have extended credit on the faith thereof.

It is charged in the bill that "to some of the complainants the defendant Lockmiller has recommended the extention of credit to the defendant Jerow, recommending such credit very highly and stating it was entirely safe, and the complainant C. J. Henderson Co., would not have extended credit to the defendant, Robert E. Lee Hotel, except upon such statements and recommendations of the defendant Lockmiller, and they believe and charge that he made such recommendations because of the fact that he was interested therein as a partner."

(7) Where the parties are not partners *inter sese* and one of them is charged with responsibility to third persons for the partnership debts, liability rests altogether

upon the doctrine of estoppel under the rule existing prior to the enactment of the Uniform Partnership Law, and Section 16 of that Act embodies this doctrine.

(8) The statement that complainants believe and charge that Lockmiller recommended Jerow as worthy of credit because of the fact that he was interested with him as a partner is not supported by any material statement of fact contained in the bill. The demurrer only admits the truth of facts stated in the bill; it does not admit the intendments and bare inferences that may be drawn from the facts, nor conclusions of law that arise upon the undisputed facts.

There is no statement that Lockmiller by words spoken or written or by conduct, represented himself or consented that another represent him as a partner with Jerow, or that he did anything except to measure rent by a quantum of the net profits as a consideration for the lease, and in addition provided measures in the lease to determine and protect the share of profits exacted as a part of the rent.

He cannot be held liable as partner by estoppel. Affirmed.