WADE PARKS *et al. v.* FRANK MARGRAVE *et al.**

(*Jackson.* April Term, 1928.)

. Opinion filed May 28, 1928.

1. CHANCERY PLEADING AND PRACTICE. BILL. MOTION
   TO DISMISS. PRESUMPTION IN FAVOR OF BILL. IN-
   JUNCTION.

It is well settled, that a motion to dismiss a bill for want of equity
on its face should not be sustained, where a case proper for
equitable relief is shown, although defectively stated; for such
construction, as will support rather than defeat the bill, should be
adopted. Every reasonable presumption in favor of the bill
should be made; and if from a consideration of the bill and its
amendments, as a whole, a case for injunctive relief was made
out, the Chancellor was in error in dismissing the bill. (Post,
p. 321.)

Citing: Anderson v. Mullenix, 73 Tenn., 287.

2. TAXPAYERS. SUITS. EQUITY. INJUNCTION. ACTION
   OF PUBLIC OFFICIAL.

"The right of taxpayers to resort to a court of equity to enjoin
county and municipal authorities from transcending their law-
ful powers, or violating their legal obligations, is conceded by
all the authorities, if such conduct would impose a burden of
taxation, for the imposition of such burden upon taxpayers is
not common to citizens who pay no taxes." (Post, p. 322.)

Citing: Reams v. Board of Mayor and Aldermen of McMinnville,
155 Tenn., 222; Colburn v. Chattanooga, 2 Shan. Cas., 22; Ken-
nedy v. Montgomery County, 98 Tenn., 165; Patton v. Chatta-
nooga, 108 Tenn., 222.

3. ACTS OF MUNICIPAL OFFICERS. NOT UNLAWFUL.

"In the location and establishment of the school the Mayor and Aldermen were acting in the reasonable exercise of discretionary powers conferred upon them by statute, and they did not transcend their power in selecting a site beyond, but near, the corporate limits of the town, and complainant cannot maintain his suit to restrain the exercise of powers conferred upon the board." (Post, p. 323.)

Citing: Reams v. Board of Mayor and Aldermen of McMinnville, 155 Tenn., 222.

4. CHANCERY PRACTICE. INJUNCTION BILL. MOTION TO DISMISS. CONDUCT OF MUNICIPAL OFFICERS.

Where it is affirmatively shown by the bill that the Legislature had given municipal officers the power and authority to select a location for a high school, to use money under their control to purchase a site and to erect a building and the attack is plainly one of an alleged abuse of the power lawfully possessed by them, that their acts and conduct in so selecting said location for said school were capricious, arbitrary, unreasonable, and a gross abuse of their discretion and that they were guilty of bad faith, fraud and corruption, and complainants are shown to have their private rights (as contradistinguished for public rights common to all) are imperiled, then complainants are entitled, on the face of the bill, to injunctive relief and a motion to dismiss for want of equity on the face of the bill should not be sustained by the Chancellor. (Post, p. 323.)

5. CHANCERY PRACTICE. INJUNCTION BILL. MOTION TO DISMISS.

Where injunctive relief is predicated, not on a lack of power to act, but on the abuse of power lawfully possessed, which abuse of power is alleged to be due to bad faith, fraud and corruption, upon the part of a person or persons while acting in the performance of official duties; it is imperative that the facts constituting the official misconduct and relied on as justifying the alleged bad faith, fraud and corruption charged, be fully shown in the bill, so that the Court may judge for itself whether the general characterization alleged, is the proper interpretation under the law, and not merely the expression of an unwarranted conclusion. (Post, p. 324.)

6. **CHANCERY PRACTICE. BILL. MOTION TO DISMISS. DE-MURRER.**

A motion to dismiss a bill for want of equity upon its face, admits the truth of facts stated in the bill, just as a demurrer would; but it does not admit the conclusions of law stated. (Post, p. 324.)

Citing: Hackney Co. v. Lee Hotel Co., 156 Tenn., 243.

7. **CHANCERY PRACTICE. INJUNCTION. RIGHT OF TAX-PAYERS. MOTION TO DISMISS.**

Where the bill fails to disclose any burden, actual or threatened, that will be imposed upon complainants, as taxpayers, by the defendants, if the injunctive relief sought, should be refused, no private rights possessed by complainants are shown to be imperiled, and no just cause is shown for the appeal made to the Chancery Court by a bill which seeks to have the court decide a question of a political and governmental nature, that the Legislature has declared shall be decided by defendants. There was no error sustaining a motion to dismiss. (Post, p. 325.)

---

### FROM WEAKLEY.

---

Appeal from the Chancery Court of Weakley County.— HON. HAL HOLMES, Chancellor.

HARRY E. JONES, for complainants, appellants.

R. E. MAIDEN, for defendants, appellee.

MR. JUSTICE TIMBERLAKE, Special Judge, delivered the opinion of the Court.

From the final decree of the Chancellor, sustaining the motion of defendants to dissolve the temporary injunction theretofore granted and dismiss complainants'

bill for want of equity on the face of the bill, complain-
ants have appealed to this court and assigned errors.
After reciting that the cause was heard upon defendant's
motion, and the consideration thereof by the Chancellor,
the following language appears in the decree of the low-
er court, viz.: "it is ordered by me that said motion be
allowed and the injunction is hereby accordingly dis-
solved, and the bill is hereby dismissed at the cost of
the complainants and their sureties on cost bond, it
appearing that the injunction is the life of the bill, and
that the complainants are not entitled to the relief sought
nor to any relief in the cause; all of which is ordered
and decreed."

Appellants by their assignments of error (two in
number, but in effect presenting only one contention),
do not challenge the finding made and recited in the de-
cree, to the effect that injunctive relief was the sole
purpose of the bill. In their supporting brief they state,
viz.: "The only question presented is as to whether the
bill discloses a good ground for an injunction on its
face."

The bill was filed by complainants, as citizens of Weak-
ley County, Tennessee, who reside within the boundaries
and limits of the Gleason Special School District, and
who are alleged to be owners of a great many thousand
dollars worth of property situated within said Special
School District, and as such property owners pay taxes
to the State, County and said Special School District.
It is also charged, in the bill and amendments thereto,
that complainants are qualified and legal voters in said
Special School District and that they bring this suit on
behalf of themselves and all other taxpayers and citi-

zens of the Gleason Special School District of Weakley County, Tennessee.

The Gleason Special School District and its Board of Directors consisting of five persons, who are sued both individually and as a Board of Directors, were made parties defendant.

Answers were filed by defendants, as well as supporting affidavits; but in view of the action of the Chancellor, as shown by his final decree, in dismissing the bill, we do not deem it either necessary or proper to consider anything other than the allegations of the bill and the several amendments thereto. In the final decree, there appears, in addition to the language above quoted, the following recitation, to-wit:

"Pending the hearing of said motion the complainants offered and moved the Court for leave to file two amendments to their original bill—the one setting up and alleging additional facts and charges of fraud—and the other seeking to show special interest of the complainants in the controversy, which amendments were allowed and ordered filed. And the order herein made dissolving said injunction, dismissing said bill and taxing the complainants with the cost is based on the want of equity on the face of the bill as amended by said two amendments."

Complainants and appellants, in support of their assignments of error, challenging the action of the Chancellor in decreeing that they were not entitled to the injunctive relief sought; dissolving the temporary injunction theretofore obtained; dismissing the bill; and taxing them with all cost; say:

"This was error because the bill charged that the acts and conduct of the Board of Directors of the Glea-

son Special School District were capricious, arbitrary, unreasonable and a gross abuse of their discretion and that they were guilty of bad faith and fraud and corruption. The allegations in the bill to this effect are not conclusions of the pleader, but specific facts and details of fraud and corruption are set out in the bill."

This specification of the grounds of attack made in this court upon the decree appealed from (and it is the only statement made in the assignments of error filed by appellants in this court as showing why the action of the Chancellor is by them now challenged) relieves us from considering any questions other than such as are embraced and covered in the grounds of attack so specified by appellants.

In their brief and argument (prepared and filed by able counsel for appellants in this Court), it is also stated, viz.:

"It was not proper for the Chancellor to consider the answer and affidavits and he did not do so, and we have no complaint to make along this line. The only relief sought by the complainants is to enjoin the purchase of the Hawks property by the Board of Directors of the Gleason Special School District and the erection of a school building thereon, and the injunction is the life of the bill."

We commend the frankness of counsel in thus stating support rather than defeat the bill, should be adopted. the case.

(1) It is well settled, that a motion to dismiss a bill for want of equity on its face should not be sustained, where a case proper for equitable relief is shown, although defectively stated; for such construction, as will

Every reasonable presumption in favor of the bill should be made. *Anderson* v. *Mullenix,* 73 Tenn., 287.

If from a consideration of the bill and its amendments, as a whole, a case for injunctive relief was made out, the Chancellor in dismissing the bill, was in error in decreeing as he did. It therefore becomes necessary under the appeal perfected to this court, that we examine the bill as a whole; and this we have carefully done.

Before stating our conclusions, we deem it proper to first state certain rules and principles of law that appear to us to be controlling in determining the legal effect to be given to the showing made by the allegations of the bill, as amended and finally considered by the Chancellor.

*(2)* In the case of *Reams* v. *Board of Mayor and Aldermen of McMinnville,* 155 Tenn., 222, this Court in an opinion delivered by Mr. Justice COOK, said viz.:

"The right of taxpayers to resort to a court of equity to enjoin county and municipal authorities from transcending their lawful powers, or violating their legal obligations, is conceded by all the authorities, if such conduct would impose a burden of taxation, for the imposition of such burden upon taxpayers is not common to citizens who pay no taxes." *Colburn* v. *Chattanooga,* 2 Shan. Cas., 22; *Kennedy* v. *Montgomery County,* 98 Tenn., 165; *Patton* v. *Chattanooga,* 108 Tenn., 222.

The taxpayer may maintain the suit to restrain action by the municipal authorities only when they are acting illegally, and when the effect of their illegal action will impose an additional burden of taxation. 19 R. C. L., 1163.

"If the conduct does not affect the private rights of the citizen, but touches public rights common to all, the

redress must be through the proper officials because the bill can only be maintained to protect private rights if brought by the taxpayer who cannot maintain it in the assertion of a right common to all citizens of the town. Therefore, the right of complainant to maintain the suit depends upon whether the Board of Mayor and Aldermen, in selecting the Ross lot as the location, transcended their lawful power or committed an unlawful or prohibited act that would increase taxation, or result in an additional expenditure of municipal funds, thus injuring the taxpayer to the exclusion of non-taxpaying citizens.''

*(3)* ''In the location and establishment of the school the Mayor and Aldermen were acting in the reasonable exercise of discretionary powers conferred upon them by statute, and they did not transcend their powers in selecting a site beyond, but near, the corporate limits of the town, and complainant cannot maintain his suit to restrain the exercise of powers conferred upon the board.'' (2 Smith, 225-226, 227-228.)

*(4)* It is not challenged, but affirmatively shown, by the complainants, that the Legislature had given to defendants the power and authority to select the location for a High School at Gleason in said School District, and to use the money under their control in the purchase of the real property so selected by them and in erecting thereon a school building. The attack is not made, that there is a *lack* of power in the Board of Directors of the Gleason Special School District, as a body politic and corporate lawfully created with plenary power conferred by the Legislature to make decision as to the proper location, establishment and maintainance of a High School at Gleason in said School District; but the attack

is plainly one of an alleged *abuse* of the power lawfully possessed by them.

As stated by appellants, in their assignments of error above quoted from, they insist that the acts and conduct of the Board of Directors of the Gleason Special School District in selecting the Hawks property as a location for said High School were capricious, arbitrary, unreasonable and a gross abuse of their discretion and that they were guilty of bad faith and fraud and corruption.

If said contention be sustained by the facts alleged in the bill, and complainants are shown to have their private rights (as contradistinguished from public rights common to all) imperilled, then they were and are entitled, on the face of the bill, to injunctive relief, and the motion to dismiss for want of equity on the face of the bill should not have been sustained by the Chancellor.

*(5)* But where injunctive relief is predicated, not on a lack of power to act, but on the abuse of power lawfully possessed, which abuse of power is alleged to be due to bad faith, fraud and corruption, upon the part of a person or persons while acting in the performance of official duties; it is imperative that the facts constituting the official misconduct and relied on as justifying the alleged bad faith, fraud and corruption charged, be fully shown in the bill, so that the Court may judge for itself whether the general characterization alleged, is the proper interpretation under the law, and not merely the expression of an unwarranted conclusion.

*(6)* A motion to dismiss a bill for want of equity upon its face, admits the truth of facts stated in the bill, just as a demurrer would; but it does not admit the conclusions of law stated. In the recent case of *Hackney Co.* v. *Lee Hotel*, 156 Tenn., 243, opinion by Mr. Justice

Cook, this Court said, viz.: ''The demurrer only admits the truth of facts stated in the bill; it does not admit the intendments and bare inferences that may be drawn from the facts, nor conclusions of law that arise upon the undisputed facts.'' What was stated as to the admission made by the demurrer filed in that case is equally applicable, in the instant case, as to the admission made by the motion to dismiss for want of equity on the face of the bill.

(7) We are of opinion that the facts stated in the bill, when properly interpreted, in the light of the power given by the Legislature to defendants (which is shown and conceded by the bill) do not warrant the conclusion asserted by appellants that the acts and conduct of the Board of Directors of the Gleason Special School District were capricious, arbitrary, unreasonable and a gross abuse of their discretion and that they were guilty of bad faith and fraud and corruption.

Moreover, the bill fails to disclose any burden actual or threatened that will be imposed upon complainants, as taxpayers, by the defendants, if the injunctive relief sought, should be refused. No private rights possessed by complainants are shown to be imperiled, and, no just cause is shown for the appeal made to the chancery court by a bill which seeks to have the court decide a question of a political and governmental nature, that the Legislature has declared shall be decided by defendants.

There being no error in the decree of the Chancellor it is affirmed with costs.