STATE for Use and Benefit of LAWRENCE COUNTY *v.* HOBBS
*et al.*

(*Nashville,* December Term, 1951.)

Opinion filed July 11, 1952.

326

Joe A. Freemon, of Lawrenceburg, for appellants.

Locke & Holtsford, of Lawrenceburg, Henry & Henry, of Pulaski, for appellees.

Mr. Chief Justice Neil delivered the opinion of the Court.

This suit was instituted in the Circuit Court of Lawrence County purportedly by the State of Tennessee for the use and benefit of Lawrence County to recover of the defendant the sum of $128,226 ''for salary and interest illegally received.'' It is in the form of a bill in the

Chancery Court and prays that the defendant be required to appear and answer (as in a Chancery cause) on a certain rule day, etc. It is not signed by either the District Attorney General or the Attorney General for the State, but is signed by counsel as "Attorney for the Plaintiff". It is not verified by counsel, or any authorized representative of the State or Lawrence County.

The substance of the bill is that on April 6, 1921, the Legislature enacted what is commonly known as the "Anti-Fee Bill"; that said Act and amendments thereto, Code, Section 10725 et seq., were the general law of the State and prescribed fixed compensation for county officials in all the counties of the State of Tennessee; that the Act provided in part that the pay of the Clerk and Master of Lawrence and similar counties and their deputies should be limited to the fees of the office not to exceed $5,000 per year; that the Act was later amended to provide minimum salaries for the Clerk and Master for Lawrence and similar counties. The bill alleges that "In spite of the binding provisions of said Act, defendant J. Frank Hobbs procured the passage of certain Private Acts defining the pay of the Clerk and Master of Lawrence County. Said Private Acts affected only Lawrence County and were in conflict with said 'Anti-Fee Bill' which was and is the general law in Tennessee."

The first Private Act was Chapter 566 of 1915, fixing the salary at $1,500; the second one of the Acts was passed in 1925, Priv. Acts 1925, c. 576, which fixed the salary at $2,000 per year; the third one of the Acts was passed in 1927, Priv. Acts 1927, c. 102, and raised the salary to $2,400 per year; the fourth Act was passed in 1933, Priv. Acts 1933, c. 702, and *lowered* the pay of the Clerk and Master to $2,000. In 1935, Priv. Acts 1935,

c. 755, the salary was restored to $2,400 per year; the Private Act of 1947, c. 807, raised the salary to $3,000 per year.

It is alleged in the bill that the defendant, knowing that each of the Acts was unconstitutional and invalid "fraudulently and illegally procured the payment to himself and his office of the monies unconstitutionally and illegally provided for in said Private Acts"; that the payments were made by County Judges who had been advised that the said Acts were unconstitutional, but that the defendant "persuaded and coerced said county judges to make payments to him and his office". The prayer of the bill is for the return of said illegal payments and asks for an order of reference to determine the exact amount paid in excess of the compensation allowed under the provisions of the general law.

The defendant demurred to the bill on the grounds:

(1) The petition shows on its face that the plaintiff has been guilty of laches.

(2) "That plaintiff is estopped to bring this action for the reason that the funds sought to be recovered were paid under the authority of a legislative enactment of the State"; that "An unconstitutional act is not void, but voidable only, is prima-facie valid and every presumption is indulged in favor of its validity".

(3) That if the funds received were paid in good faith or bad, they were paid by the County Judge acting in his official capacity and the county cannot now repudiate his authority and actions.

(4) Defendant particularly demurs to so much of the bill as seeks a recovery for a period prior to August 27, 1941; the same being barred by the ten year statute of limitations.

It appears that the defendant later filed an answer not waiving the demurrer, denying the allegation in the bill and especially the charge that he fraudulently procured the passage of the Acts, knowing them to be invalid. He admits receiving the salaries, the same being paid to him by five different County Judges, who were men of known integrity, and the same was paid to him and accepted by him in good faith and without "coercion". The case was heard on the demurrer.

The trial judge sustained the demurrer and dismissed the bill. No appeal was prayed for or granted. But an appeal bond was duly executed and the record is before us with assignments of error complaining of the court's judgment.

The defendant's counsel moves the Court to dismiss the appeal on the ground that no appeal was prayed and granted. We might well sustain this motion on the authorities cited. In *Teasdale [& Co.]* v. *Manchester Produce Co.,* 104 Tenn. 267, 56 S. W. 853, it was held as follows: "An appeal, to be effective, must be granted as well as prayed, and that fact must appear by a minute entry in the record." There are no decisions to the contrary.

We have elected, however, to pass on the merits, the counsel being privileged to file the record for writ of error, the same being filed in this Court within less than one year from the date of entry of the judgment in the trial court.

The assignments of error assert that the trial judge erred in sustaining the demurrer and dismissing the bill.

Counsel for the complainant earnestly contends "that all the averments of the bill must be taken as true", that is that the defendant fraudulently procured the

passage of the several Private Acts, knowing them to be unconstitutional, and that the several County Judges (five in number) had been advised that said Acts were unconstitutional, and that they were "coerced" by the defendant in making illegal payments to him.

While it is true that a demurrer admits the truth of the facts alleged in the bill such confession is strictly *confined to the facts.* It does not admit any matters of law suggested in the bill, or inferred from the facts stated. Upon the argument of a demurrer, the bill alone must be looked to *for the facts* of the case, except such facts as the Court may judicially know. The demurrer does not admit "arguments, deductions, inferences, or conclusions set forth in the bill". Gibson's Suits in Chancery, Sec. 304; *H. T. Hackney Co.* v. *Robert E. Lee Hotel,* 156 Tenn. 243, 300 S. W. 1; *Heiskell* v. *Knox County,* 132 Tenn. 180, 177 S. W. 483.

The Private Acts complained of as authorizing the payment to the defendant of certain compensation have not as yet been held unconstitutional by any court of competent jurisdiction although some similar Private Acts have been held invalid. While the bill alleges that defendant Hobbs knew that said Acts were unconstitutional, there is no averment that he was advised of that fact by any competent authority; nor is there any averment as to who, if any competent legal authority, advised the County Judges that the Acts were unconstitutional. Conceding only for the purposes of this decision that the Acts herein assailed were unconstitutional, they are presumed to be valid and must be so regarded until the contrary is made to appear by some competent judicial tribunal. In *Wade* v. *Board of Com'rs,* 161 Okl. 245, 17 P. (2d) 690, 692, it was held:

"The general rule is that laws are presumed to be constitutional, and ministerial officers may safely rely thereon and follow them until they are held unconstitutional or until such officers are advised by the proper officers that they are unconstitutional. *State ex rel. [Cruse]* v. *Cease,* 28 Okl. 271, 114 P. 251, Ann. Cas. 1912D, 151; *Threadgill* v. *Cross,* 26 Okl. 403, 109 P. 558, 138 Am. St. Rep. 964; *State ex rel. Wiles* v. *Williams,* 232 Mo. 56, 133 S. W. 1, 34 L. R. A., N. S., 1060.''

While it is charged that the defendant "coerced" the several County Judges to make these illegal payments, no fact is alleged in the bill as to any method of coercion which was resorted to in order to secure such payments. The allegation of coercion is a conclusion of the pleader and is not admitted as true by the demurrer.

The allegation in the bill that the defendant "fraudulently procured the enactment of these Private Acts", is also a conclusion of the pleader. It is a settled rule of law in most if not all jurisdictions that a general charge of fraud without alleging any specific fact upon which to base it is demurrable. The presumption must be indulged that statutes enacted by the Legislature are constitutional. The general charge that the Legislature acting upon the advice and urgent solicitation of the defendant practiced a fraud upon Lawrence County is not confessed to be true by the demurrer. Moreover it is not conceivable that such an allegation could be established by proof.

A fact that is impossible in law, or which cannot be established by competent and credible evidence to the satisfaction of an unbiased court, is not admitted to

be true on demurrer. Indeed it is no fact at all and should be considered as mere surplusage.

■ ■ We cannot consider that an issue is presented under the presumption that the defendant and the several County Judges of Lawrence County were presumed to know the law, and that they were violating it to the prejudice of Lawrence County. While a citizen is presumed to know the law he is not presumed to know that a statute, which the Supreme Court presumes to be constitutional, is unconstitutional. So šaid the Supreme Court of the United States in *United States* v. *Realty Company*, 163 U. S. 427, 438, 16 S. Ct. 1120, 1125, 41 L. Ed. 215. The Court used the following language:

"There are occasions when the presumption that every man knows the law must be enforced for the safety of society itself. An individual on trial for a violation of the criminal law will not be heard to allege, as a defense, that he did not know the act of which he was guilty was criminal. But in such a case as this, knowledge of the invalidity of the law in advance of any authoritative declaration to that effect will not be imputed to those who are acting under its provisions, and receiving the benefits provided by its terms. These parties cannot be held bound, upon the question of equitable or moral consideration, to know what no one else actually knew, and what no one could know prior to the determination by some judicial tribunal that the law was unconstitutional." See also *Missouri Utilities Co.* v. *City of California*, D. C., 8 F. Supp. 454, 468.

■ Finally we think the case at bar is controlled by *Roberts* v. *Roane County*, 160 Tenn. 109, 123, 23 S. W. (2d) 239, 243, wherein it was held:

"But it appearing that the validity of the salary statute was recognized by the financial agent of the county, the county judge, and by complainant, during the time the complainant served as sheriff, and that the payments of salary now sought to be recovered were paid and received in good faith, without collusion, and upon the faith of the statutory direction, we think the authorities support the equitable estoppel asserted in complainant's answer to the county's cross-bill. *Saylor* v. *Trotter,* 148 Tenn. 359, 255 S. W. 590; Petition to Rehear, 148 Tenn. [375, at] page 377, 257 S. W. 93, 94; *Hunter* v. *State,* 158 Tenn. 63, 12 S. W. (2d) 361; *Beaver* v. *Hall,* 142 Tenn. 416, 217 S. W. 649; *Collier* v. *Montgomery County,* 103 Tenn. 705, 54 S. W. 989, 990; *Speck* v. *State,* 66 Tenn. 46; Cooley, Constitutional Limitations (7th Ed.), pp. 232, 250, 251.

"The authorities cited do not question the general rule, that an unconstitutional statute is not a law, does not of itself confer any rights, duties, or obligations, and is 'in legal contemplation, as inoperative as though it had never been passed.' *Norton* v. *Shelby County,* 118 U. S. 425, 6 S. Ct. 1121, 1125, 30 L. Ed. 178. But it is recognized that parties may so deal with each other upon the faith of such a statute that neither may invoke the aid of the courts to undo what they themselves have done."

It clearly appears from the face of the bill that certain of the alleged illegal payments of salaries to the defendant and his office were made more than 30 years prior to the bringing of the present suit; others 24, 25, and 18 years prior thereto, all of which are barred by the statute of limitations of 10 years as pro-

vided in Code Section 8601. The action of the trial judge in sustaining the demurrer upon this ground is unquestionably correct.

The assignments of error are overruled, and the judgment of the Circuit Court is affirmed.