IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 24, 2019 Session

## JASON PERRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 110129     Scott Green, Judge**

_____

### No. E2018-00824-CCA-R3-PC

_____

The petitioner, Jason Perry, appeals the ruling of the Knox County Criminal Court granting him relief from a sentence imposed pursuant to Code section 40-35-121(b), the gang enhancement statute previously declared unconstitutional by this court, arguing that the trial court erred by finding that the illegal sentence issue was not a material element of his plea agreement and arguing that he should have been permitted to withdraw his guilty pleas. The record supports the determination of the trial court. For reasons discussed more fully below, however, we affirm that court's ruling not as a grant of post-conviction relief but as a grant of habeas corpus relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed as Modified**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Joshua Hedrick, Knoxville, Tennessee, for the appellant, Jason Perry.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The appellate record filed in this case contains neither the original judgments entered in the petitioner's case nor the transcript of the guilty plea hearing. Other evidence in the record establishes that, originally charged with aggravated robbery, aggravated burglary, and misdemeanor theft, the petitioner pleaded guilty in August 2015 to aggravated burglary and misdemeanor theft in case number 104377 and to robbery in case number 104898. Pursuant to a plea agreement with the State, the petitioner received a Range II sentence for his conviction for aggravated burglary, but, because the

conviction class of that offense was elevated from a Class C felony to a Class B felony pursuant to Code section 40-35-121, the petitioner received a sentence of 12 years' incarceration. *See* T.C.A. § 40-35-121(b) (2012) ("A criminal gang offense committed by a defendant who was a criminal gang member at the time of the offense shall be punished one (1) classification higher than the classification established by the specific statute creating the offense committed."). Pursuant to that same agreement, the petitioner received a Range II sentence of eight years' incarceration for his robbery conviction. Consecutive alignment of the sentences was mandatory. The effective sentence was, therefore, 20 years.

The petitioner filed an untimely petition for post-conviction relief in March 2017, claiming entitlement to both post-conviction relief and statutory tolling of the statute of limitations for filing a petition for post-conviction relief based upon this court's declaring Code section 40-35-121(b) unconstitutional in *State v. Bonds*, 502 S.W.3d 118 (Tenn. Crim. App. 2016). The Knox County Criminal Court issued a preliminary order on April 3, 2017, which order included a determination that the petitioner had stated a colorable claim for post-conviction relief but did not address the timeliness of the petition.

On August 29, 2017, the petitioner filed an "Amended Petition for Writ of Habeas Corpus."[1] In this pleading, the petitioner argued that, because the sentence imposed for his conviction for aggravated burglary had been enhanced by the statute declared unconstitutional in *Bonds*, the sentence was illegal and "the judgment is void." He also claimed that "the illegal sentence was a material element of" his plea agreement and asserted entitlement to withdraw his guilty pleas.[2] Despite that the petitioner stated that the purpose of filing the amended petition for writ of habeas corpus was to exhibit copies of all the judgments being challenged, only the judgment for the petitioner's conviction of aggravated burglary was exhibited to the amended petition.

On February 21, 2018, the trial court conducted a consolidated hearing on both the petition for post-conviction relief and the petition for writ of habeas corpus, noting that the claims for relief in both petitions were identical.

Trial counsel testified that he engaged the prosecutor in plea negotiations on the eve of the petitioner's trial and that, as a result of those negotiations, the State made the offer that resulted in the petitioner's sentences in this case. Trial counsel

---

[1] The record on appeal does not contain any other pleading styled as a petition for writ of habeas corpus.

[2] The petitioner uses both the singular and plural forms when referring to his convictions, judgments, and guilty pleas.

identified emails that he exchanged with the prosecutor in the petitioner's case. At 11:37 a.m. on August 28, 2015, trial counsel sent the following message to the prosecutor:

> I have talked with [the petitioner] this morning, and he authorized me to make you the following offer of plea:
>
> Aggravated Burglary -- he agrees to plead to the charge and receive a sentence of six years at Range II, 35% rate of service. He would also plead to the misdemeanor theft charge to be run concurrently.
>
> Aggravated Robbery -- he agrees to plead to Simple Robbery and receive a sentence of 10 years at Range III, 45% rate of service.
>
> Felony sentences would be run consecutively with each other for a total sentence of 16 years and would be consecutive to the 5 year sentence he is currently serving.
>
> The State would agree to drop the gang enhancement charges.

The prosecutor sent the following reply:

> I can't ask the Judge to accept a plea on a case set for trial after the plea deadline has passed that is not a plea to the indictment as charged. I doubt he would accept one anyway.
>
> Having said that, [the petitioner] appears to be a Range II offender on any "B" felony conviction, a Range 3 offender on any "C" felony conviction, and a career offender on any "D" or "E" felony conviction. I will offer him as follows:
>
> Agg Burglary - 12 years on a gang enhanced "C" agg. burglary - Range II, consecutive to his 5 year sentence.
>
> Robbery - 8 years, Range 2 on a non-gang enhanced "C" robbery, consecutive to the 12 year sentence.
>
> Total effective sentence of 20 years, Range 2.

> That appears to be roughly the equivalent in release numbers
> to your proposal.

The prosecutor sent a follow-up message to clarify that "the gang enhanced agg[ravated] burglary would be a 'B' felony of course."

Trial counsel testified that he discussed the offer with the petitioner, who had expressed a desire to avoid a gang-enhanced sentence and for a lesser total sentence. Counsel said that he had also advised the petitioner that it was counsel's belief that the gang enhancement statute was unconstitutional but that they "had not come to the point where we could challenge it." Despite these initial reservations, the petitioner agreed to accept the State's offer.

Trial counsel also identified the notice of sentence enhancement filed by the State in the petitioner's case. Counsel said that he would have confirmed the range classification before advising the petitioner to plead guilty.

In addition to the notice of enhancement filed prior to trial, the State exhibited to the hearing certified copies of the following prior felony convictions:

1. Reckless Endangerment, November 21, 2001 (offense date June 10, 2000), a Class E felony
2. Evading Arrest, November 21, 2001 (offense date June 10, 2000), a Class E felony
3. Aggravated Burglary, January 5, 2007 (offense date September 3, 2006), a Class C felony
4. Burglary, January 5, 2007 (offense date August 21, 2006), a Class D felony
5. Theft, September 12, 2007 (offense date July 28, 2007), a Class C felony
6. Burglary of a vehicle, September 12, 2007 (offense date July 28, 2007), a Class E felony
7. Burglary of a vehicle, September 12, 2007 (offense date July 28, 2007), a Class E felony
8. Burglary of a vehicle, September 12, 2007 (offense date July 28, 2007), a Class E felony
9. Burglary of a vehicle, September 12, 2007 (offense date July 28, 2007), a Class E felony
10. Theft, September 12, 2007 (offense date July 18, 2007), a Class E felony

11.  Theft, September 12, 2007 (offense date July 30, 2007), a Class E felony

12.  Burglary of a vehicle, August 25, 2010 (offense date July 13, 2010), a Class E felony

13.  Theft, September 26, 2014 (offense date October 21, 2013), a Class D felony

The petitioner did not testify.

At the conclusion of the hearing, the petitioner asked the court to set aside his convictions, allow him to withdraw his guilty pleas to all the offenses, and "start over." He argued that, because the gang enhancement statute was unconstitutional on its face, the trial court "was without . . . jurisdiction to enter the sentence" because "an unconstitutional statute is a nullity." The petitioner insisted that "it was a material part of the agreement in both 104898 and 104377 that he accept the gang enhancement in the burglary case." The petitioner emphasized that, pursuant to the ruling in *Archer v. State*, 851 S.W.2d 157 (1993), "an unconstitutional statute is a nullity and any judgment imposed pursuant to an unconstitutional statute is . . . voidable for lack of jurisdiction and may be challenged by Petition for Habeas Corpus Relief."

The State argued that the court should not permit the petitioner to withdraw his guilty pleas but insisted that, if the court should be inclined to set aside the aggravated burglary conviction, it should set aside "the entire plea agreement." The court indicated that if it set aside the petitioner's convictions, it would "not accept[] any further agreed dispositions in this case. They will both go to trial." At that point, the court continued the hearing to allow the parties to brief the issues and for the petitioner to consider the ramifications of his request.

At the March 21, 2018 hearing, the trial court observed that, based upon his prior record, the petitioner would have qualified as a Range III offender if convicted of the charged offense of aggravated robbery, which would have carried a potential sentence of 20 to 30 years' incarceration. The court additionally noted that a conviction for aggravated robbery carried an 85 percent release eligibility percentage. The trial court stated that petitioner likely qualified as a Career Offender "on any conviction of a Class C, D, or E felony," including the charged offense of aggravated burglary and, as a result, faced a term of incarceration of 15 years at a 60 percent release eligibility percentage. Because the petitioner was on bond for one of the offenses when he committed the other, consecutive sentence alignment was mandated by statute. The court warned the petitioner that, if the court set aside the pleas and the petitioner was convicted of both offenses, he could face a minimum sentence of "20 years at 85%, plus 15 at 60%." The

court suggested that the petitioner, in asking to set aside the convictions, was "not making the world's wisest choice."

The petitioner, however, insisted that he wanted the court to set aside the pleas on the basis of the unconstitutional, gang-enhanced sentence for his aggravated burglary conviction.

Contrary to its earlier position, the State conceded that, because the gang enhancement statute was unconstitutional, the sentence imposed for the petitioner's aggravated burglary conviction was illegal. The State insisted, however, that the gang enhancement was not a material element of the petitioner's plea. The State asked the court to set aside the gang enhancement and enter a new judgment for the aggravated burglary conviction that imposed a Range II, Class C felony sentence. Initially, the petitioner concurred that the State's suggestion was "appropriate."

At that point, the court accepted the parties' apparent agreement as to the remedy and then imposed a sentence of 10 years, which, the court noted, "is at the top end, a class C felony so you've gotten two years knocked off of this." Upon hearing this, the petitioner reasserted his desire to withdraw his pleas, maintaining that he should be sentenced "on the low end" of the range. The court observed that although the petitioner likely qualified as a Career Offender, he was already obtaining a largess from the State in the form of a Range II sentence and that the court was not inclined to given him more. The petitioner asked the court for "the relief that was originally pled" and have "the entirety of the case . . . set aside."

The State maintained that the record did not support a conclusion that the gang enhancement for the aggravated burglary conviction was a material element of the plea agreement, noting that the petitioner had not testified under oath that, but for the inclusion of the gang enhancement, he would not have accepted the State's plea offer. The trial court agreed, observing that "the material part of the agreement, if it in fact exists, was the State's insistence that he plead to the B as opposed to the C and take the gang enhancement." The court found that, if the State was willing to forego the gang enhancement that it had bargained for and allow the remainder of the agreement to stand, then the court was "going to let them do it." The court noted that the petitioner was "getting less than what he bargained for in the plea agreement" and stated, "He can't rely upon [the prosecutor's] insistence that he plead to the class B felony when he's getting the benefit of his bargain that he already accepted, except he's taking a C now as opposed to a B." The court concluded that the petitioner could not "have his cake and eat it too" and observed that the petitioner "is not being prejudiced."

The court asked the parties to "[p]repare an order granting the Post Conviction Petition, dismissing the Habeas Corpus Petition[,] and directing" the preparation of a "corrected judgment in count one of docket number 104377" "reflecting that this will be a Class C felony with a sentence of 10 years."

In this appeal, the petitioner asserts that the trial court erred by modifying his sentence instead of permitting him to withdraw his guilty pleas. The State contends that the ruling of the trial court was correct.[3]

As an initial matter, we observe that the timeliness of the petitioner's petition for post-conviction relief was never addressed by the parties or the court. In his original petition for post-conviction relief, the petitioner claimed entitlement to statutory tolling of the statute of limitations for filing a petition for post-conviction relief on grounds that *Bonds* "established a constitutional right not recognized at the time of [the petitioner's conviction]." The trial court made no ruling on the petitioner's tolling claim. Because the post-conviction statute of limitations is jurisdictional, *see* T.C.A. § 40-35-102(b), the trial court should have addressed the issue of its tolling before "granting the Post Conviction Petition." Because the petition was untimely and because the trial court did not address the tolling claim, a grant of post-conviction relief was improper, even though the underlying ruling of the trial court was correct.[4]

Typically, the failure to address the timeliness issue would require a remand to the trial court or, at the very least, a review of the issue under the plain error doctrine. In this case, however, neither course of action is necessary because the petitioner also filed a petition for writ of habeas corpus that raised the precise issues decided by the court at the conclusion of the consolidated hearing on both petitions. In addition, the ruling of the trial court that the petitioner's gang-enhanced sentence was illegal as well as the nature of the relief provided are more in the nature of habeas corpus relief than post-conviction relief. Under these circumstances, we treat the trial court's entry of a corrected judgment imposing a new, corrected sentence as a partial grant of habeas corpus relief instead of a partial grant of post-conviction relief. We thus consider the petitioner's claim that the trial court erred by concluding that the gang-enhanced sentence was not a material element of his plea agreement under the law applicable to habeas corpus.

---

[3] The State does not challenge any portion of the trial court's ruling, including the imposition of a Range II sentence despite that the record establishes that the petitioner qualified as at least a Range III Offender for his Class C felony conviction of aggravated burglary. *See* T.C.A. § 40-35-107 ("A persistent offender is a defendant who has received . . . "[a]ny combination of five (5) or more prior felony convictions within the conviction class or higher or within the next two (2) lower felony classes . . . .").

[4] It is possible that the trial court simply misspoke and actually intended to grant habeas corpus relief.

-7-

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The trial court concluded, and the State concedes, that the gang-enhanced sentence imposed for the petitioner's conviction of aggravated burglary was illegal because this court declared the gang enhancement statute unconstitutional on its face. We agree with this conclusion. As we observed in *Bonds*,

> [d]espite simply being dubbed by the General Assembly as "enhanced punishment," the factual requirements of Section 40-35-121 are elements of the underlying criminal gang offenses because the statute increases the prescribed range of penalties applicable to a defendant by automatically increasing the underlying offense's sentencing classification by at least one range, raising both the maximum and minimum ends of the range.

*State v. Bonds*, 502 S.W.3d 118, 150 (Tenn. Crim. App. 2016). The writ of habeas corpus "is available to contest convictions imposed under unconstitutional statutes, because an unconstitutional law is void and can, therefore, create no offense." *Archer v. State*, 851 S.W.2d 157, 160 (Tenn. 1993) (citing *Ex parte Siebold*, 100 U.S. 371, 376-77

(1880)); *see also State v. Dixon*, 530 S.W.2d 73, 74 (Tenn. 1975) (stating that a criminal statute that is unconstitutional on its face is "void from the date of its enactment" and cannot, therefore, provide the basis for a "valid conviction" (citing *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972); *Stone v. Wainwright*, 478 F.2d 390 (5th Cir. 1973); *Bannister v. United States*, 446 F.2d 1250 (3rd Cir. 1971); *O'Brien v. Rutherford Cty.*, 288 S.W.2d 708 (Tenn. 1956); *State v. Hobbs*, 250 S.W.2d 549 (Tenn. 1952))); *State v. Kaylecia Woodard*, No. E2016-00676-CCA-R3-CD, slip op. at 15 (Tenn. Crim. App., Knoxville, June 15, 2017) (holding that because Code section 40-35-121(b) was unconstitutional on its face, it was void ab initio without consideration of the "retrospective application of the ruling in *Bonds*"). Similarly, the writ provides one avenue to challenge the imposition of an illegal sentence. *See generally e.g.*, *Smith v. Lewis*, 202 S.W.3d 124 (Tenn. 2006).

If an "illegal sentence was a material condition of a plea agreement, then the defendant must be given the opportunity (a) to withdraw his plea and stand trial on the original charges or (b) to enter into a legal plea agreement." *Cantrell v. Easterling*, 346 S.W.3d 445, 456 (Tenn. 2011); *see also Smith*, 202 S.W.3d at 129 ("[W]hen a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution."). When, however, "an illegal sentence is imposed pursuant to a plea agreement but is not a material (bargained-for) element of the agreement, the illegal sentence may be corrected in habeas corpus, but the conviction will remain intact." *Edwards v. State*, 269 S.W.3d 915, 922 (Tenn. 2008); *see also Smith*, 202 S.W.3d at 130 (stating that when the sentencing illegality is not a material, bargained-for element of the original plea, then "the illegality infects only the sentence, only the sentence is rendered void[,] and habeas corpus relief may be granted to the extent of the sentence only"). When determining materiality, this court has deemed "the definition of material as used in the context of claims under *Brady v. Maryland*, 373 U.S. 83 (1963)," i.e., whether "'there is a reasonable probability' of a change in the outcome of the proceeding," as "helpful." *Summers v. Fortner*, 267 S.W.3d 1, 8 (Tenn. Crim. App. 2008) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

In this case, the trial court concluded that the gang enhancement was not a material, bargained-for element of the petitioner's plea agreement because it was the prosecutor and not the petitioner who insisted upon its inclusion. The record supports this conclusion. The email messages exhibited to the hearing established that the petitioner initially approached the State with his offer to plead guilty to aggravated burglary in exchange for a Range II sentence of six years and to aggravated robbery in exchange for a Range II sentence of 10 years. The prosecutor, however, insisted that the petitioner plead guilty to the gang enhancement for his aggravated burglary conviction. We agree with the trial court that the petitioner cannot rely upon the *State's* insistence to

-9-

support a conclusion that *he* bargained for the gang enhanced sentence. To be sure, the evidence failed to establish that the petitioner would not have pleaded guilty if the agreement had not included the gang enhancement requirement. Because the evidence did not establish that the illegal sentence was material to the petitioner's acceptance of the plea agreement, the appropriate remedy was the entry of a corrected judgment imposing a legal sentence.

Although the court ordered at the conclusion of the hearing that the parties prepare a written order granting "post-conviction" relief and dismissing the habeas corpus petition, no order appears in the record on appeal.[5] *See* T.C.A. § 40-30-111(a) ("If the court finds that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable . . . the court shall vacate and set aside the judgment . . . and *shall enter an appropriate order* and any supplementary orders that may be necessary and proper."). The court also ordered the preparation of a corrected judgment reflecting the new sentence, and the corrected judgment was subsequently entered. Although we affirm the rulings of the trial court that the petitioner was entitled to relief in the form of a corrected judgment imposing a legal sentence but was not entitled to withdraw his pleas, we do so as a function of habeas corpus rather than post-conviction relief.

Accordingly, the judgment of the trial court is affirmed as modified.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[5] If such an order exists, it should be modified to reflect a grant of habeas corpus relief.