DAVIS v. FISHER.—184 S. W. (2d) 400.

FISHER v. DAVIS.—184 S. W. (2d) 400.

Middle Section.  July 22, 1944.

Petition for Certiorari denied by Supreme Court, December 8, 1944.

664

Hopkins & Hopkins and Hugh T. Shelton, all of Columbia, for A. Britt Davis.

Pride Tomlinson, of Columbia, for B. F. Fisher.

HICKERSON, J.   A. Britt Davis and B. F. Fisher were partners in the operation of a farm in Maury County, Tennessee, and in a livestock business.   When the partnership was dissolved the partners were unable to agree upon a settlement.   Failing in their effort to reach a settlement through arbitration, A. Britt Davis filed the original bill in this cause against B. F. Fisher seeking to settle their accounts, as partners.

Fisher denied the material allegations of the bill and by cross bill sought a decree upon an award of two of the arbitrators.   The original complainant denied that Fisher was entitled to a decree upon his cross bill.

While this original suit was pending, B. F. Fisher filed an independent suit against A. Britt Davis seeking to recover $611.87, the partners having agreed that this amount was due Fisher from Davis as a result of their horse and mule business.

Davis answered this bill and admitted that this sum of $611.87 was due Fisher out of the horse and mule business which the partners had transacted, but alleged

that a general accounting was necessary in order to determine whether Fisher was due any amount and set up as a defense that this one item could not be made the basis of a suit without a general accounting.

The Chancellor set aside the award of the arbitrators on the ground that it was signed by only two of the arbitrators when three had been selected to make the arbitration. There was no appeal from that part of the decree. Davis was denied the right to a general accounting and to a decree against Fisher, for which he prayed in his original bill, on the ground that he was estopped by certain statements and acts from asserting a claim for affirmative relief against Fisher. Fisher was awarded a decree of $611.87 on his independent suit. Davis appealed.

The question presented to this Court is stated in the brief filed in behalf of appellant to be: "The question here before the Court is the rendering of the judgment against the appellant, A. Britt Davis, for one-half of the profits realized from the horses and mules without giving him credit for the money paid to Fisher, paid for his benefit and losses from the other part of the farm operations."

The facts necessary to a determination of the question before this Court are: For one or two years Davis and Fisher operated the farm in Maury County as partners. During that time they also engaged in the livestock business as partners. The farming operations and the livestock business were a part of the same partnership business. The parties reached an agreement in regard to some of their business transactions, but could not agree as to others. Three arbitrators were selected to hear and consider the contentions of the parties and to work out a settlement between them. Each partner filed

with the arbitrators a statement in support of his contentions. Most of the testimony in this case deals with the various items shown by these statements and with the proceedings before the arbitration committee. While the proceedings before the arbitration committee were in progress, the partners entered into the following agreement:

"Davis and Fisher have gone over the operation and dealings in horses and mules during the life of their farming operations and they have come to an agreement that there was $1223.75 profit derived during this operation from the horse and mule account. There is two items in this calculation that is to be taken into consideration by the arbitrators, one was a Bay Horse that was figured at $175.00, this is the horse that was killed by automobile I wanted to allow Mr. Fisher the amount that I received for the horse which was $175.00. Mr. Fisher contends that he was worth more money. The other is a horse that was sold in the Greenwood sale and that Fisher individually paid a rebate on this horse of $60.00. This matter of the last two items mentioned here is to be considered and disposed of by the arbitrators.

"This April 5, 1941.

"Britt Davis

"B. F. Fisher."

Thereafter, the transactions relating to horses and mules were withdrawn from the arbitration committee and not considered by it.

B. F. Fisher bases his individual suit against Britt Davis upon this agreement which they signed in regard to the horses and mules. This was just one item in their general accounting which included a great many others.

One member of the arbitration committee resigned before the report was made, so the report was signed by only two members of the committee.

Fisher contends that the profits from the horse and mule business, about which he and Davis agreed, constitutes a separate and independent item of their partnership business which had no connection with the other matters of account between them.

To the contrary, Davis contends that the profit in regard to the horses and mules, about which they agreed, was just one item of their partnership business, and that this item must necessarily be taken into consideration in arriving at a final and complete settlement of their accounts.

■ We think the contention of Davis is well taken. A reading of the entire record shows that these parties were in strong disagreement about their accounts. It was impossible to tell whether Fisher owed Davis or Davis owed Fisher, or the amount, until a general final settlement was made. If a final settlement, taking into consideration all their partnership transactions, including the horse and mule business, should show that Fisher was indebted to Davis, or that Davis did not owe Fisher any amount, it would be manifestly inequitable and unfair to Davis to give Fisher a judgment against him upon one single item where they had agreed that there was a profit upon that item.

Code, Section 7861, provides:

"Any partner shall have the right to a *formal account as to partnership affairs,* (a) if he is wrongfully excluded from the partnership business or possession of its property by his copartners; (b) if the right exists under the terms of any agreement; (c) as provided by the preced-

ing section; and (d) *whenever other circumstances render it just and reasonable.*'' (Italics added.)

Code, Section 7877, provides:

''When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his copartners and all persons claiming through them in respect of their interests in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and *the surplus* applied to pay in cash *the net amount* owing to the respective partners.'' (Italics added.)

In 47 C. J., 804, Partnership, section 251, this rule is stated:

■ ■ ''An accounting and settlement between copartners is a condition precedent· to an action by one against another upon partnership claims and transactions for the following principal reasons: (1) A dispute of this nature ordinarily involves the taking of a partnership account; for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. (3) Such a suit would necessitate that the party complained of be both plaintiff and defendant. (4) One partner does not own or have a right to any specific portion of the partnership property. A settlement may be agreed upon by the partners without an action for an accounting; but in order that it may form the basis of an action at law, it must show that the partners have agreed upon the sum which each owes to the other, and all the parties must consent to it.''

See also 40 Am. Jur., 452-456, Partnership, sections 465-470.

Our Supreme Court applied this same rule in Haskell v. Vaughan, 37 Tenn. 618. The substance of the opinion is stated in the headnote:

"An advance of money by one of a firm of partners to be expended to the use and in the business of the partnership, cannot be recovered back in an action at law. And this is so, although the partnership which existed at the time of the advance, was afterwards dissolved, and the joint operations defeated. The party in such case is without remedy, except upon a settlement in equity of partnership accounts."

The term "action at law" which is used in these authorities means an action based upon any single item of the account whether the suit is prosecuted in a law court or in an equity court without a complete settlement of the partnership accounts.

The evidence does not justify the conclusion that the partners intended to separate the horse and mule transactions from the general settlement between them so as to make Davis liable to Fisher for one-half of the profits on the horse and mule business regardless of the status of their accounts upon a final settlement. We think the true meaning in regard to the horse and mule business was that the partners did not think it necessary for the arbitrators to go into the various transactions relating to the horses and mules as they were in complete agreement about those transactions. If a settlement of all of the other transactions, excluding the horse and mule transactions, should show that Fisher owed Davis $611.87, and the agreement which the parties had reached in the horse and mule transactions showed Davis owed Fisher $611.87, then the books of the partnership would be balanced and neither partner would owe the other anything.

For example, partners might have one hundred transactions which would be involved in an accounting between them. They might agree on seventy-five of the transactions and disagree on twenty-five of them. In working out a settlement between such partners arbitrators, or a court, would not be concerned with the seventy-five transactions about which there was no disagreement. They would simply work out the twenty-five transactions wherein there was disagreement. But that does not mean that the seventy-five transactions upon which the partners had agreed would not be taken into account when stating a full and final settlement. It might be that a summary of the seventy-five transactions would show that the defendant owed the complainant $10,000, and that a summary of the twenty-five disputed transactions might show that the complainant owed the defendant $10,000. If that were true, neither of the partners would owe the other.

The decree of the Chancery Court is reversed. The cause will be remanded for further proceedings in that court and a general accounting of the partnership matters will be had under the direction of the Chancellor. The right of Fisher to a decree against Davis will depend upon the facts shown by a full and complete settlement of their accounts. Fisher will pay the costs of the appeal. All costs in the Chancery Court will be adjudged by the Chancellor when the cause is finally determined.

Felts and Howell, JJ., concur.