334

STEWART *v.* STATE.

(*Nashville*, December Term, 1949.)

Opinion filed April 29, 1950.

GEORGE B. HAILE, of Cookeville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This appeal in error by Stewart from a conviction of selling beer without a permit with a fine of $25.00 presents only a question of law.

A man named Harris owned a certain retail beer business and had a license and permit to sell beer there. He employed plaintiff in error, Stewart, to operate the business, the agreement being that Stewart was to receive as compensation for his services one-half of the net profits of the beer sales. If there were no profits within a given period, then Steward received no compensation for his services during that period.

The question is whether under the foregoing facts Stewart was required by the Beer Statute to have a permit before selling beer at this place of business.

The Circuit Judge in adjudging the defendant guilty expressed the opinion that under the Beer Statute "a person in the position and status of the defendant, Bill Stewart, should have a permit and a license to sell beer".

One of the provisions of the Beer Statute is that the holder of a license and permit to sell beer shall not employ in connection with the operation of the business any one who has been convicted of a violation of certain laws. Williams' Code, Section 1191.14. The statute does not expressly require such employees of the permit holder to also have a permit, nor does it so imply. The necessary implication is to the contrary.

Our Uniform Partnership Law provides that the receipt of a share of the profits of a business does not make such recipient a partner in the business if such profits were received in payment of wages. Code, Sec-

tion 7846 (4). Under our decisions prior to the enactment of the Uniform Partnership Law the receipt of a part of the profits of a business as compensation for services did not per se make such recipient a partner. *Polk* v. *Buchanan,* 37 Tenn. 721; *Bell* v. *Hare,* 59 Tenn. 615.

While there is considerable logic in the conclusions of the Circuit Judge, since Stewart was operating the place for Harris, it seems to follow from the foregoing statement of the law that Stewart was merely an employee of Harris in the operation of the beer place in question. Since the Beer Statute does not require the obtaining of permits or licenses by those who are merely employees of the holders of such permits and licenses, it follows that Stewart was not guilty of a violation of the Beer Statute in selling beer at this place as an employee of the permit holder, Harris.

It is appropriate to observe that in the brief submitted by the State in this case, the Attorney General reaches the conclusion above stated and recommends a reversal of the judgment and remand of the case. It will be so ordered.

All concur.