ELLIS S. POWELL v. W. H. BUNDY.—272 S. W. (2d) 490.

Middle Section.   September 17, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

256

Beverly M. Medley, of Nashville, for plaintiff in error.

Elvin Woodroof, of Nashville, for defendant in error.

FELTS, J.   This action was brought by plaintiff below Bundy, a real estate broker, against defendant

Powell, another broker, to recover $500, alleged to be plaintiff's one-half share of a commission earned by their joint efforts but collected and wrongfully retained by defendant. Defendant pleaded nil debet.

There was a verdict and judgment for plaintiff for $500. Defendant appealed in error and insists (1) that judgment should have been arrested upon his motion; (2) that a verdict should have been directed for him; and (3) that the court should have dismissed the action for want of jurisdiction over the subject matter.

(1) The declaration was in two counts. The first, in substance, stated that the parties were licensed real estate brokers, and on occasion worked together, selling, and dividing commission; that they did this on the occasion here involved; and that by their joint effort they sold certain real estate, earned a commission of $1,000, one-half of which was plaintiff's but all of which was collected and retained by defendant.

The second count referred to and adopted the statements and averments of the first count and added that it was a custom among real estate agents, working together and effecting a sale, to divide the commission equally; and that defendant refused to abide by this custom.

If the averments of a declaration convey a reasonable certainty of meaning and show a substantial cause of action, although defectively stated, and defendant does not demur to such declaration, but goes to trial under the general issue, a motion in arrest of judgment after verdict will not avail him. The defects will be presumed to have been supplied by the proof and cured by the verdict. Curtis v. Kyte, 21 Tenn. App. 115, 126, 106 S. W. (2d) 234; Southern Ry. Co. v. Maxwell. 113 Tenn. 464, 473, 476, 82 S. W. 1137; Magevney v. Karsch, 167 Tenn. 32, 48, 65 S. W. (2d) 562, 92 A. L. R. 343.

So we think the court properly overruled defendant's motion in arrest of the judgment. While the declaration might have been vulnerable to a demurrer, it did not wholly fail to state a cause of action. The most that could be said was that it might have been defective, as lacking in fullness and precision of statement. But such a defect was cured by the verdict.

(2) Evidence for plaintiff tended to support the averments of his declaration. He testified that on a number of occasions he and defendant sold property together and divided the commissions. The defendant had an office and plaintiff had an automobile. Defendant furnished his office and plaintiff, his automobile, and the two of them worked together in selling property and dividing the commission. They so handled the transaction in question. Defendant collected the commission of $1,000 and refused to pay over plaintiff's one-half of it.

Defendant denied that he and plaintiff had worked together in selling real estate and in dividing the commission; and he denied that plaintiff had any interest in the transaction here involved or any right to any part of of the commission. The effect of the evidence for defendant was to make a conflict with the evidence for plaintiff and, therefore, a case for the jury.

(3) Defendant contends that the contract sued on was that of a partnership between these parties to engage in the real estate brokerage business, each sharing one-half of the profits; that one partner cannot sue another in a court of law, exclusive jurisdiction of such a suit being in a court of equity, Davis v. Fisher, 27 Tenn. App. 663, 184 S. W. (2d) 400; and that the Circuit Court should have dismissed this case for want of jurisdiction of the subject matter.

There was no demurrer challenging the jurisdic-

tion of the court. In the absence of such a demurrer when a case of equitable cognizance is brought in the Circuit Court, that court may retain the case and try it according to the principles and practice of a court of chancery. Metropolitan Life Ins. Co. v. Humphrey, 167 Tenn. 421, 424, 70 S. W. (2d) 361.

But this case, in our opinion, was not one of exclusive equitable cognizance—not a case of one partner suing another. The contract sued on was not one of partnership but was a mere agreement of the parties to work together and divide the commissions. The sharing of profits of a business as compensation for personal services does not constitute a partnership. Hackney Co. v. Robert E. Lee Hotel, 156 Tenn. 243, 300 S. W. 1; Stewart v. State, 190 Tenn. 334, 229 S. W. (2d) 504.

"Real estate agents or brokers who merely share the profits resulting from a sale of property effected by their several efforts do not because of this fact alone, become partners, particularly where it appears that the parties did not intend to enter that relationship and were under no obligation to share the losses and expenses incurred." 47 C.J., Partnership, Sec. 69, pp. 676, 677, 68 C.J.S., Partnership, Sec. 20.

Numerous authorities are cited which support this text. To the same effect: Culbertson v. Sheridan, 93 Kan. 268, 144 P. 268; Cases cited in Annotation, 137 A. L. R. 129; 68 C. J. S., Partnership, Sec. 20, pp. 434, 435; 40 Am. Jur., Partnership, Sec. 45, p. 158.

All of the assignments of error are overruled, judgment of the Circuit Court is affirmed, and a judgment will be entered here for plaintiff against defendant and the surety on his appeal bond for $500 with interest and costs of the appeal.

Howell, J., not participating.

Hickerson, J., concurs.