HANK SNOW

*v.*

GEORGE E. ADAMSON and JOLLY JOYCE.

385 S.W.2d 759.

(*Nashville,* December Term, 1964.)

Opinion filed January 6, 1965.

R. B. PARKER, JR., Nashville, for plaintiff in error.

JAMES L. ROBERTS, FARRIS, EVANS & EVANS, Nashville, for defendants in error. .;

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is a damage suit brought by one partner against his other two partners, in which he alleges that these three parties by separate contracts entered into a partnership agreement whereby various and sundry things that the respective partners agreed to do were alleged, and it is likewise alleged that the defendants in error wilfully breached these contracts and have refused and conspired between themselves not to carry out the agreements of the parties, and as a result of this breached contract these defendants in error

"have refused to pay the plaintiff his share of the profits from the various shows and tours sponsored by the partnership. Plaintiff charges that on March 9, 1962, the defendant Adamson wrongfully declared that he was intentionally violating the aforesaid agreement; that he refused to disclose any information regarding the partnership business; and, that he considered the agreements null and void and would not honor the said agreements in any particular. Plaintiff avers that shortly thereafter the defendants Adamson and Joyce entered into a conspiracy against the plaintiff, and said defendants have refused to share the profits of the partnership or do business with the plaintiff as a partner; that they have refused to honor the aforesaid agreements and have violated said agreements in every particular. That said defendants, however, have continued to do business with each other, but without sharing with the plaintiff as they solemnly promised to do under their agreements."

To this declaration the defendants interposed a demurrer, which was to the effect that a court of law does not have jurisdiction of a suit of one partner against other partners for an accounting as to partnership affairs, and likewise doesn't have jurisdiction in a suit of one partner against other partners growing out of partnership affairs unless and until there has been an accounting either in equity or by agreement; that the present suit is for breach of an alleged partnership agreement and is not based on a prior accounting. The trial judge, after hearing argument and having the matter briefed, sustained the demurrer. An appeal has been seasonably perfected, able briefs filed and arguments heard. After considerable reflection,

reading the briefs and authorities, and making some investigation, we are now ready to dispose of the matter.

The generally accepted rule governing questions of the kind is stated in 168 A.L.R. at page 1091, thus:

"It is the universally accepted rule that in the absence of statutory permission, or express promise, or fraud, an action ex contractu at law, as distinguished from an action in equity, is not maintainable between partners with respect to partnership transactions, unless there has been an accounting or settlement of the partnership affairs."

Then following this statement are cases from most every jurisdiction in the United States including our Court of Appeals case of *Davis v. Fisher,* 27 Tenn.App. 663, 184 S.W.2d 400. Following these cases there are a number of cases set forth under the theory of this rule, which is to the effect that a dispute of this nature ordinarily involves the taking of a partnership account, for until that is taken, it cannot be known that the plaintiff is not liable to refund even more that he claims in the particular lawsuit, and in partnership transactions a partner does not as a rule become a creditor or the debtor of a copartner, but of the firm, and for the further technical reason which forbids a party from being both plaintiff and defendant in the same lawsuit, where that situation arises, and, too, a more substantial one to the effect that until all partnership matters are ascertained and adjusted, it is impossible to know whether a particular partner is a debtor or creditor of the firm.

■ It is to be remembered that the declaration here was demurred to, and in view of this demurrer all allegations well pled, and reasonable inferences to be drawn

therefrom, are admitted. Among other allegations, besides those quoted from the declaration above, are the allegations that this plaintiff has completely fulfilled his contract. Under the allegations of this bill his two partners have totally ousted him from this partnership and have entered into a conspiracy whereby they, among the two of them, are appropriating all proceeds from the partnership. In other words, it in inferable from the allegations of this declaration that these two defendants in error have converted the property of this partner plaintiff in error, to their own use and have failed to account to him therefor, and thus have ousted him completely from the partnership, and, as far as he is concerned, they have dissolved this partnership by their unlawful actions, and hence this innocent partner has sued for damages.

In the same annotation of 168 A.L.R., quoted from above, at page 1106, this statement is found.

"The following later cases support the general rule that the partnership relation does not preclude the maintenance of an action at law of one partner against the other for damages for a breach of the copartnership agreement in wrongfully dissolving the partnership during the term, provided the plaintiff has kept his covenant."

As said above, under the allegations of this declaration as now presented to us, the plaintiff has so kept his part of the agreement and thus is not in default in any way.

█ █ The first legal proposition herein above set out is conceded to be the general rule, but the plaintiff takes the position that there is an exception to this general rule and, that is, that one partner may maintain an action

against his copartners for damages arising out of conspiracy between the copartner and others, and thus it is that he relies upon the second rule as quoted from the A.L.R. note. We have read all the cases cited by both parties in their briefs and have read several others that we have found at one place or another. After analyzing all the cases we conclude that under some circumstances a partner may maintain an action against his copartner and others for conspiracy. For instance, when one partner converts all the partnership assets for selling the partnership business to others, or forcefully excludes his partner from the business and converts the partnership assets to his own use, or to the use of his coconspirators, the innocent partner may maintain an action at law for such damages as he may be able to prove were suffered by him as an individual.

In *Karrick v. Hannaman,* 168 U.S. 328, 18 S.Ct. 135, 42 L.Ed. 484, the Supreme Court of the United States makes this statement:

"A partner who assumes to dissolve the partnership before the end of the term agreed on in the partnership articles is liable, in an action at law against him by his co-partner for the breach of the agreement, to respond in damages for the value of the profits which the plaintiff would otherwise have received."

The United States Courts under a related state of facts as those alleged here have consistently followed this rule. The New York Courts follow the same exception, or rule, as is shown in the case of *Burnstine v. Geist,* 257 App.Div. 792, 15 N.Ÿ.S.2d 48, in a rather well reasoned opinion. That opinion quotes from 20 R.C.L., page 927 and 928, to the effect that equity jurisdiction of partnership matters is not exclusive but that a damage suit

may be maintained for the act of the copartner in dissolving a firm, etc., as is stated by the quotation from the Supreme Court of the United States case. This case has been distinguished by a later New York case but only where it is shown under the facts of the later case that the partnership had not been dissolved and equity was necessary to settle the matters between the parties.

What we have quoted from the declaration herein is the strongest thing to show that an accounting would be necessary, but we think that in view of the fact of the way the matter was presented under a demurrer, no answer, no proof or anything else of the kind, and then the allegations that the plaintiff has fulfilled all his obligations, there is a clear inference of a conversion of the assets and the taking of this whole partnership away from the plaintiff and converting it to the use of these defendants thereby as far as this plaintiff is concerned dissolving all partnership arrangements that he had in the matter. If the proof so develops that this plaintiff would be entitled to damages, at least under these allegations, and viewing the matter most strongly in favor of the plaintiff, we must reach the conclusion under such allegations as herein made, that this is an exception to the general rule as set out in *Davis v. Fisher,* supra, and the rule as quoted from A.L.R., supra.

The result is that the case is reversed and remanded to the Circuit Court for further pleas and answer as are deemed required.