STATE of Tennessee ex rel. Ora
EADS, Appellant,

v.

Frederick S. HUMPHRIES et
al., Appellees.

STATE of Tennessee ex rel. William J.
RANSBOTTOM, Appellant,

v.

Frederick S. HUMPHRIES et
al., Appellees.

James DENNIS, Sr., Appellant,

v.

TENNESSEE STATE UNIVERSITY and
Frederick S. Humphries, Appellees.

STATE of Tennessee ex rel. Dorothy P.
BRADLEY, Appellant,

v.

Dr. Billy M. JONES et al., Appellees.

M. Janelle ANDERSON et al.,
Appellants,

v.

Billy M. JONES et al., Appellees.

Supreme Court of Tennessee.

Jan. 16, 1978.

James D. Petersen, Petersen, Buerger &
Yost, Franklin, for appellants.

William J. Haynes, Asst. Atty. Gen.,
Nashville, for appellees; Brooks McLemore,
Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

These cases were consolidated for consideration on appeal because they involve identical or closely related issues respecting the tenure rights of university professors who were employed to teach in institutions governed by the State Board of Education at the time their services were terminated. Professors Eads, Ransbottom and Dennis were employed at Tennessee State University and Professors Sprecklemeyer, Kenney, Stack and Bradley were employed by Memphis State University. Each of the plaintiffs asserts that he or she had acquired rights of tenure pursuant to T.C.A., § 49–1421, and the rules and regulations promulgated thereunder by the State Board of Education, and that his or her discharge from employment was in violation of those tenure rights.

I

T.C.A., § 49–1421, provides:

"The State Board of Education is hereby authorized and required to establish a system of tenure for college and university teachers under its jurisdiction. On or before September 1, 1961, the Board shall promulgate and publish reasonable rules and regulations for the establishment of a tenure system for such teachers and the

Board shall have the power to promulgate and publish such rules and regulations as are deemed reasonably necessary for the establishment of such tenure system which shall include but not be limited to standards and requirements concerning,

(a) the minimum qualifications of teachers eligible for tenure . . . .

\* \* \* \* \* \*

(g) grounds and procedures concerning suspensions and dismissals . . . .

"The rules and regulations shall . . . be approved and filed in the manner required by § 4–501, et seq., of this Code. "After giving written notice of charges against any teacher, the Board shall hold a hearing in the same manner and shall have the same powers as provided in § 49–1416, provided that where such section refers to the superintendent, for the purposes of this Chapter reference shall be made to the Chairman of the State Board of Education. In addition, a teacher shall be entitled to a judicial review of the action of the Board for the same purposes and in the same manner provided by § 49–1417."

Pursuant to this statute the State Board of Education on August 11, 1961, adopted the following regulation:

"Teachers shall be employed for the academic year annually during a probationary period of three (3) years after which time if their services have been satisfactory, they may become members of the permanent teaching staff. The probationary period may be extended or shortened upon recommendation of the president of the college subject to the approval of the State Board of Education."

This regulation was approved by the Attorney General and filed with the Secretary of State in compliance with the requirements of T.C.A., § 4–501, et seq., and was in effect at all times relevant to the claims asserted by these plaintiffs.

The State Board of Education attempted to change the length of the probationary period from three years to five years by adopting a resolution to that effect on February 11, 1966. However, this resolution was not approved by the Attorney General nor filed with the Secretary of State, and was therefore in violation of T.C.A., § 4–503, which provides:

"No rule or regulation shall be altered, amended, suspended, repealed or superseded except with the written approval of the attorney-general as to legality, and until all of the provisions of § 4–502 are complied with."

Accordingly, it was invalid under T.C.A., § 4–504, which provides:

"All rules and regulations promulgated after July 1, 1941, excepting such as relate to the organization or internal management of a state agency, shall be void and of no effect unless and until the requirements of § 4–502 and 4–503 are complied with."

Each of the plaintiff teachers was first employed in September, 1970, except plaintiffs Kenney and Bradley who were first employed in September, 1968; and each has completed a third consecutive year of teaching and, in fact, has been re-employed for a fourth and fifth year. However, each teacher was informed upon receipt of his or her contract documents for the fifth year that the contract for that year would be a terminal one and that his or her services would not be continued beyond the school year 1975–1976. Dr. Bradley's probationary period was extended to seven years.

Each of the plaintiff teachers was notified by the employing institutions at the time of original employment that one of the "fringe benefits" afforded was "the opportunity to be recommended for tenure after a period of five years of satisfactory service," and, each teacher alleges that it was his or her belief that the five years probationary period mentioned in the letter of employment was the probationary period established by Tennessee law. Nevertheless, the plaintiffs allege that by virtue of completing three years of satisfactory employment and upon being elected for a fourth year each acquired tenure under the statute and the 1961 regulation of the

Board of Education, since the 1966 regulation attempting to change the probationary period from three years to five years was invalid because not approved by the Attorney General or filed with the Secretary of State. Accordingly, they brought these actions asserting that the attempt of the employing institutions to terminate their employment without hearings and without charges is in violation of the tenure rights thus obtained. The defendant institutions contend that, although the resolution of the State Board of Education adopted in February, 1966, attempting to change the probationary period from three years to five years was invalid for the reasons hereinabove stated, and as was decided by this Court in *State ex rel. Chapdelaine v. Torrence,* Tenn., 532 S.W.2d 542 (1976), the plaintiff teachers are, nevertheless, bound by the five years probationary period and did not acquire tenure upon the completion of three years' service and re-appointment for the fourth year because each teacher was informed at the time of employment that the probationary period would be five, rather than three, years. Defendants rely upon dictum found in *Chapdelaine, supra,* 532 S.W.2d at 551.

We conclude that the contention of the defendants is essentially correct. It is well settled in this State that parties, who have dealt with each other in good faith in reliance upon a statute which, in fact, is unconstitutional and who have materially altered their respective positions in reliance upon such statute, may not invoke the aid of the courts "to undo what they themselves have done." This principle was recently reaffirmed by this Court in *Capri Adult Cinema v. State,* Tenn., 537 S.W.2d 896, 899 (1976), wherein we said:

"The principle is well settled in civil litigation that when parties have dealt with each other at arms' length upon the basis of an unconstitutional statute, they are bound by the results of their actions. Thus in the case of *Roberts v. Roane County,* 160 Tenn. 109, 123, 23 S.W.2d 239, 243 (1929), after citing a number of cases, the Court said:

'The authorities cited do not question the general rule, that an unconstitutional statute is not a law, does not of itself confer any rights, duties or obligations, and is "in legal contemplation, as inoperative as though it had never been passed." . . . But it is recognized that parties may so deal with each other upon the faith of such a statute that neither may invoke the aid of the courts to undo what they themselves have done.' "

Accord, *State v. Hobbs,* 194 Tenn. 323, 250 S.W.2d 549 (1952); *Bayless v. Knox County,* 199 Tenn. 268, 286 S.W.2d 579 (1955).

Although the cases cited dealt with statutes which were invalid because in violation of the constitution, we can see no reason why the same principle should not apply when the law relied upon is a rule or regulation of an administrative agency which is invalid because of non-compliance with statutory requirements. See *Brown v. Humble Oil & Refining Co.,* 126 Tex. 296, 83 S.W.2d 935, 99 A.L.R. 1107 (1935); *United Fuel Gas Company v. Railroad Commission,* 278 U.S. 300, 49 S.Ct. 150, 73 L.Ed. 390 (1929).

Therefore, we hold that each of the plaintiff teachers in these cases is bound by the five years probationary period provided by the 1966 amendatory regulation, and that they have not acquired tenure status. Consequently, termination of their employment without notice, hearing and charges did not violate their legal rights.

Our holding that none of the plaintiffs acquired tenure renders it unnecessary to consider other issues raised and they are, accordingly, pretermitted.

The decree of the trial court in each case is affirmed. Costs are taxed against appellants and sureties.

HENRY, C. J., and COOPER, FONES and HARBISON, JJ., concur.