# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 4, 2006 Session

## ALEXANDER C. WELLS v. TENNESSEE BOARD OF REGENTS, ET AL.

### Appeal from the Chancery Court for Davidson County
No. 95-2144-III     Carol McCoy, Chancellor

---

### No. M2005-00938-COA-R3-CV - Filed on September 27, 2006

---

PATRICIA J. COTTRELL, J., dissenting.

It is elementary that a statute waiving sovereign immunity must clearly do so, and any statute purporting to waive that immunity must be strictly construed. Courts are to determine to what extent and in what ways the Legislature has allowed suits against the State. The statute allowing the suit herein, Tenn. Code Ann. § 49-8-304, authorizes *de novo* judicial review of the termination or suspension of tenured state university professors. The statute does not mention or refer to backpay or the award of damages. This court cannot imply such a remedy or interpret the statute so as to enlarge the waiver of sovereign immunity beyond that intended by the legislature.

Mr. Wells bases his entitlement to backpay on *Chapdelaine*. The discussion in *Chapdelaine* of the award of backpay in light of the sovereign immunity of the State is very limited. It appears, however, that the Court found a waiver of immunity in Tenn. Code Ann. § 49-1417 as it existed at that time. This reliance is explained by language in then-existing Tenn. Code Ann. § 49-1421, quoted in the *Chapdelaine* opinion, that stated that tenured college and university teachers were entitled to judicial review of board decisions "for the same purposes and in the same manner provided by § 49-1417." *See also Eads v. Humphries*, 562 S.W.2d 805, 806 (quoting the statute).

At that time, Tennessee Code Annotated § 49-1417 was part of the statutory scheme applicable to tenured teachers in local school systems. Thus, at the time of the employment action at issue in *Chapdelaine*, tenured teachers at colleges governed by the State Board of Education were entitled to a judicial review co-extensive in scope and remedy with that available to tenured teachers in local elementary and secondary schools. The *Chapdelaine* court, finding that Tenn. Code Ann. § 49-1417 provided jurisdiction of actions brought by tenured teachers to review their dismissal, noted that the Court had "consistently approved awards of back pay as to teachers in the city and county school systems." *Chadelaine*, 532 S.W.2d at 550.

In 1976, however, the General Assembly severed the connection between actions regarding tenured college and university professors in Board of Regents schools from those regarding elementary and secondary teachers in local school systems. 1976 Tenn. Pub. Acts, ch. 839. That

legislation is now codified at Tenn. Code Ann. § 49-8-301, *et seq*. (dealing with tenure for faculty at institutions within the state university and community college system, governed by the State Board of Regents). Thus, the basis for the *Chapdelaine* court's reliance on authority governing public school teachers in local systems no longer exists.

The current Board of Regents statutes provide for *de novo* judicial review of the dismissal or suspension of a tenured faculty member. Tenn. Code Ann. § 49-8-304. Thus, the court's review is limited to the propriety of the Board's decision to dismiss or suspend the tenured professor. Nothing in that statute, or the statute regarding the Board's adoption of policies for "the termination of faculty with tenure," Tenn. Code Ann. § 49-8-301(a)(3), or the statutes regarding procedures for and review of such actions, Tenn. Code Ann. §§ 49-8-302 through - 304, authorizes the payment or award of backpay. An action for judicial review of the Board's decision does not include the remedies available in a 42 U.S.C. § 1983 action or one brought under various state and federal statutes prohibiting employment discrimination.

There is certainly an argument that the *Chapdelaine* court did not rely exclusively on Tenn-Code Ann. § 49-1417. The opinion includes language indicating that judicial review of a termination decision would be less than satisfactory or effective if backpay were not available. Of course, a decision that the Board's termination decision must be overturned brings other concrete relief. In any event, the doctrine of sovereign immunity precludes full monetary relief against the State in many situations. Exceptions to that doctrine must be explicit and have not generally been based on concepts of equity or implication.

While I understand the majority's adherence to *Chapdelaine*, I would interpret that opinion as relying primarily on a statutory scheme that has been changed, effectively eliminating the basis for the backpay ruling. It appears to me that the proper interpretation of *Chapdelaine* and the availability of an award of backpay against the State under a statute that is silent as to that remedy are issues that need to be addressed by the Tennessee Supreme Court.

_____
PATRICIA J. COTTRELL, JUDGE